## PETERS *v.* BARNES.

A lease of lands for a term of three years, or less, though in writing and sealed, may be surrendered by a writing not under seal.

APPEAL from the *Tippecanoe* Circuit Court.

HANNA, J.—*John Peters* sued *Barnes* for holding over certain real estate by him occupied as a tenant. *Barnes* had, it is alleged, together with one *E. Peters*, rented and taken a written lease for three years from *Dicks*. They agreed between themselves as to a division of said lands. After occupying nearly a year, defendant agreed with *Dicks*, in consideration of the payment of $25, the surrender of his notes for the last two years' rent, and that *Dicks* should rent him other lands, upon his giving security, to deliver up said lands at the end of the year, and made the following writing upon the back of said lease, which he delivered to said *Dicks*, to wit:

"*December* 22, 1857. I hereby relinquish my claim to the within article.        LUTHER BARNES."

On the 29th of the same month the plaintiff bought said lands so rented to *Peters* and *Barnes*, took a deed therefor, and an assignment of the lease to himself. *Barnes* afterward refused to give possession. On the trial, the Circuit Court refused to permit the plaintiff to give in evidence the writing of *December* 22, on the back of said lease, or oral testimony of the circumstances under, or consideration for, which said writing was executed and surrendered. The defendant had judgment. Was the ruling correct? The Court filed a written opinion on the point, by which it appears the Court

*Saturday,*
*June 1.*

May Term,
1861.

DENNY
v.
THE N. W.
CHRISTIAN
UNIVERSITY.

concluded that the lessee held such an interest in the land leased as forbid his being ousted, unless he had relinquished or transferred that interest by a writing under seal, duly acknowledged, in pursuance of certain statutes. 1 R. S., § 5, p. 300; *id.* § 4, p. 233. The latter statute is as follows: " Conveyances of land, or of any interest therein, shall be by deed in writing, subscribed, sealed and duly acknowledged by the grantor, or by his attorney, except *bona fide* leases for a term not exceeding three years." A lessee of lands for less than three years has not, in our opinion, such an interest in the same as makes it necessary for him to surrender the same by an acknowledged and sealed instrument. A lease for three years, or less, need not be evidenced by such instrument. In other words, that kind or amount of interest in lands can be created in, or transferred to, a lessee by a lessor, without such instrument. If the estate, if it may be termed such, can be created without the use of such instrument, it can certainly be surrendered in the same manner it is created. And although a sealed instrument may be resorted to in making the lease, yet as it could have been made and would have been binding without it, the surrender of such interest need not necessarily follow the mode so resorted to in creating the interest. The consequence is that the rulings of the Court were erroneous. *McKinney* v. *Reader*, 7 Watts, 123; 2 Smith's Lead. Ca. 184.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. M. LaRue* and *D. Royse*, for the appellant.

*R. C. Gregory* and *James Gregory*, for the appellee.