## Ross *v.* Schneider.

LANDLORD AND TENANT.— *Tenancy from Year to Year.*—A tenancy in which the premises are occupied by the assent of the landlord without any written or definite verbal agreement, the tenant paying the taxes and such other rent as the landlord requires, is, under our statute, a tenancy from year to year.

SAME.—*Parol Contract.*—A tenant from year to year by parol may by parol convey or surrender his right of possession.

APPEAL from the Franklin Circuit Court.

ELLIOTT, J.—Suit by Schneider against Thomas Ross for possession of real estate. Answer, the general denial. Trial by the court without a jury.

The court found that the plaintiff was the owner, and entitled to the possession of the land described in the complaint, and assessed his damages at seventy-five dollars. Motion for a new trial overruled, and judgment on the finding. Ross appeals.

The reasons urged for a new trial are: first, that the finding is contrary to the evidence; second, that the damages assessed are excessive. These are the questions presented in this court.

The facts disclosed by the evidence are, substantially, as follows: John S. Ross, the father of the appellant, was the owner of the land, being seized thereof in fee. The appellant has been in possession as the sole occupant since 1859, as tenant of his father. There was no written agreement between them, nor was there a definite verbal one. The son occupied by the assent of his father, paid the taxes, and such other rent as the father required. He was, under our statute, a tenant from year to year. Schneider wished to purchase a farm, and with that view, on the 6th of April, 1868, called on the appellant, on the premises, and was informed by the appellant that the land could be purchased for four thousand dollars; that if Schneider purchased it, and would pay him two hundred dollars for the wheat then growing on the premises, he would give

immediate possession, except, perhaps, the privilege of occupying a part of the house, stable, and granary until he could find some other place to go to. It was then time that preparations should be made for putting in the spring crop, and it is claimed by the appellant that Schneider was to enter into a written agreement with him that he would make the purchase on the terms proposed, and showing the time and terms of possession, and put up fifty dollars as a forfeit if he failed to do so. The evidence on this point indicates that such was the understanding at that time. On the next morning the appellant called on Schneider, who was then at the house of a neighbor of the appellant, and urged that they had better go at once and see his father, who resided at Connersville, in an adjoining county; accordingly, Schneider's son, who acted for and at the request of his father, accompanied the appellant to Connersville, where it was agreed between them and John S. Ross that Schneider should purchase the land at four thousand dollars, and the growing wheat at two hundred dollars, all of which should be paid to John S. Ross as the purchase money, who was to pay the appellant for the wheat. On the 18th of April the appellee paid John S. Ross one thousand eight hundred dollars, and gave him his note for two thousand four hundred dollars, due at twelve months, in consideration of the land and wheat, and Ross executed a deed to the appellee for the land. On the same day young Schneider, as his father's agent, called on the appellant and informed him that the purchase had been completed, and demanded possession. The appellant then refused to give possession of any part of the premises, and claimed the wheat as unsold. Thus far there is no material conflict in the evidence.

The appellant testifies, that when he and young Schneider went to see John S. Ross it was then agreed that if Schneider purchased the land, the appellant should be permitted to occupy part of the house and stable for from one to three months, and that an article of agree-

ment should be entered into securing him that privilege, with fifty dollars to be paid by Schneider as a forfeit, if he failed to make the purchase. On the contrary, young Schneider testifies that as they left, after the interview with John S. Ross, the latter asked if they had not better enter into a written agreement, to which Thomas replied that he did not think it would make any difference. He further testifies that when he and the appellant reached Everton, on the way home, and were about to part, the appellant said that if he was not at Metsker's, where the appellee then was, by seven or eight o'clock the next morning, the appellee could go home, and it would be all right; that the appellant did not go to Metsker's the next morning; and that the appellee, after waiting till after the time named, went home. The appellee testifies that when the appellant called on him on the 7th of April, at Metsker's, he said if the purchase was made either that or the week following, it would be satisfactory to him, and he would give immediate possession; that on the Saturday following that conversation he sent his son to see if he would certainly get possession if he concluded the purchase; that his son reported to him he would; and that the appellant said they need not come to see him any more, but to go and make the purchase of his father, and it would all be right; and because of that information he completed the purchase on the Saturday following, without calling to see the appellant again. Young Schneider testifies that during the interview with the appellant, on the Saturday referred to, no definite time was fixed when the trade should be closed up, except that it must be during the next week, and that just as he was leaving, the appellant said it was no use to come and see him any more, but to go to his father and get the deed. George Metsker was also present at that interview, and testifies that the appellant said it would be all right if the appellee closed up the trade the next week. No particular time of the week was named; but he said if they did not

close it up the next week they could not get the place. The contract was concluded and the deed made on Saturday of the then next week. The appellant, however, testifies, that he told Young Schneider, in the interview referred to, that if his father came and closed up the contract on the Tuesday following it would be all right; otherwise he should hold the wheat, and would not give up the possession.

There was some other evidence on both sides, tending, in some degree, to corroborate the evidence of the respective parties above stated.

There is a conflict in the evidence upon the material point on which the cause must turn. The plaintiff's evidence, if taken alone, we think is clearly sufficient to sustain the finding of the court. It is, however, contradicted on a material point by the appellant's evidence, but certainly not overwhelmingly so; on the contrary, we are not prepared to say that, when carefully weighed, the preponderance is not in favor of the finding. The principal object in requiring an article providing for a forfeiture of fifty dollars in the event Schneider should finally fail to make the purchase, evidently was to guard against the loss of time in putting in a spring crop, and when the terms of the contract were all agreed upon, and its consummation, in a very short time, rendered probable, the necessity or propriety of such an article would become less apparent, and might with propriety be waived. The evidence justifies the conclusion that it was waived. The purchase of the land was concluded, and the wheat paid for as agreed upon, which seems to leave no excuse for withholding the possession.

It is insisted, however, by the appellant's counsel that the transfer of the appellant's right of possession as tenant from year to year could only be conveyed or surrendered by a contract in writing, signed by him, and that a parol agreement for its sale or surrender is void under the statute of frauds. This position is untenable. His tenancy was from year to year, and existed only in parol; and if valid in him

it would be strange if he could not transfer it in the same manner. *Peters* v. *Barnes*, 16 Ind. 219.

We do not think the damages are excessive.

The judgment is affirmed, with costs and ten per cent. damages.

*G. Holland, C. C. Binkley*, and *W. H. Jones*, for appellant.

*H. C. Hanna, F. S. Swift, W. H. Bracken*, and *W. G. Quick*, for appellee.