Smith and Others *v.* Hollett.

———————•———————

SMITH and Others *v.* HOLLETT.

CONTRACT.—*Construction.—Subscription of Donation to Railroad.*—Suit to recover a certain amount subscribed by the defendant as a donation to aid in the construction of a railroad, the contract of subscription on which the suit was brought, dated March 18th, 1865, providing that the subscribers thereto agreed to pay to A., or his assigns, the sums placed opposite their names, provided that A., or his assigns, should construct, or cause to be constructed, a railroad from Indianapolis to Danville, Illinois, by way of Brownsburg, Jamestown, Crawfordsville, and Covington, Indiana, to be located and established within one-fourth of a mile of Brownsburg, said sums to be paid when A., or his assigns, should have completed said railroad from Indianapolis to Crawfordsville, and should have regular trains of cars running through by way of Brownsburg. A. assigned said subscriptions to a certain railroad com-

pany, May 16th, 1866, by a writing wherein he stated that, having abandoned the construction of said railroad, and having the written request of a large majority of the committee with whom he had been in negotiation in relation to said road, by whom said donations were placed in his hands, to assign the same to said railroad company, he, in pursuance of said request, for value received, assigned, &c., said subscriptions to said railroad company. In May, 1869, said subscriptions were assigned in writing by said company to the plaintiffs, who in their complaint alleged the foregoing, and that they, in pursuance of said contract, located, established, and constructed said railroad from Indianapolis to Crawfordsville, by way of Brownsburg and within one-fourth of a mile thereof, and by way of Jamestown, and were rapidly completing it from Crawfordsville to Danville, Illinois, by way of Covington, and since the 9th of May, 1869, had had regular trains of cars on said road from Indianapolis to Crawfordsville, of which defendant had notice, and that they as such assigns had performed all the stipulations of said contract, &c.

*Held*, on demurrer to said complaint, that it was not essential under said contract that said road should be constructed by A. only, but that his assignee - could be substituted in the place of A. and by performance entitle himself to the sum subscribed.

*Held*, also, that the statement in the assignment of A., that he had abandoned the construction of the road, could not prevent a recovery by his assignee.

*Held*, also, that if the defendant's proposition to pay said sum might have been withdrawn before formal acceptance thereof or the construction of the road, yet as it was not withdrawn, and the work was completed as alleged, it was not necessary to allege such acceptance in the complaint.

*Held*, also, that no time for the completion of the road being specified, a reasonable time must be allowed, and that upon demurrer to the complaint it could not be held that there had been unreasonable delay.

APPEAL from the Hendricks Circuit Court.

DOWNEY, J.—This action was brought by the appellants against the appellee on the following writing:

"BROWNSBURG, Ind. March 18th, 1865.

"We, whose names are hereunto and herein subscribed, agree to pay to Henry C. Lord, or his assigns, the sums placed opposite our names, without any relief whatever from valuation or appraisement laws. Provided, that said Henry C. Lord, or assigns, shall construct, or cause to be constructed, a railroad from the city of Indianapolis, in the State of Indiana, to the town of Danville, in the State of Illinois, by the way of Brownsburg, Jamestown, Crawfordsville, and Covington, Indiana. And provided further, that the railway of said railroad shall be located and established within one-

fourth of one mile of the town plat of the town of Browns-burg, State of Indiana; and it is expressly stipulated that said sums of money are to be paid when the said Henry C. Lord or assigns shall have completed said railroad from Indianapolis to the town of Crawfordsville, Indiana, and shall have regular trains of cars running through by the way of Brownsburg, in the State of Indiana. Witness our names.

J. HOLLETT     -          -          -          -          $100.00."

Which was assigned by said Lord, as follows:

"CINCINNATI, O., May 16th, 1866.

"Whereas I have received from the citizens along the line of a contemplated railroad from the city of Indianapolis, Indiana, by the way of Crawfordsville and Covington, to Danville, Illinois, subscriptions of donations to aid me in the construction of a railroad between the points aforesaid, and I having abandoned the construction of said railroad, and having the written request of a large majority of the committee with whom I have been in negotiation in relation to said road, and by whom said donations were placed in my hands, to assign the said donations to the Indianapolis, Crawfordsville, and Danville Railroad Company; now, therefore, in pursuance of said request, I, for value received, do hereby assign, transfer, and set over to said Indianapolis, Crawfordsville, and Danville Railroad Company all the said subscriptions of donations, without any recourse on me.

H. C. LORD."

And it is alleged that the said railroad company afterwards, on the — day of May, 1869, did assign, transfer, deliver, and pay over to the plaintiffs the said instrument in writing so executed by the said defendant, and that they are the legal and *bona fide* owners and holders thereof, which claim was transferred to said plaintiffs in pursuance of a contract in writing made between the said railroad company and the plaintiffs, by which the company, among other things, agreed to assign, transfer, and pay over the same to the plaintiffs.

And the plaintiffs allege that in pursuance of said contract

they did locate, establish, and construct said railroad from said city of Indianapolis, by way of Brownsburg, and within one quarter of a mile of the town plat of the town of Brownsburg, and Jamestown, to the town of Crawfordsville, and they are pushing rapidly to completion said railroad from said town of Crawfordsville, by way of Covington, to the said town of Danville; that for a long time, to wit, from the — day of May, 1869, they have had regular trains of cars running on said railroad, so as aforesaid located, established, and constructed, from said city of Indianapolis to the said town of Crawfordsville, of which said defendant had notice; and they claim that as such assignees of said Lord and said railroad company they have performed all the conditions and stipulations in said instrument in writing, and are entitled to have and receive of and from said defendant the said sum of money therein specified; that the same is due and payable, but that the defendant has not paid the same, &c.; wherefore, &c.

There was a demurrer to the complaint, for the reason that the same did not state facts sufficient to constitute a cause of action, which was sustained; and there was a final judgment for the defendant. The plaintiffs appeal to this court, and have assigned for error the sustaining of said demurrer to the complaint.

The defendant must be held to the performance of this contract according to the intention of the parties thereto. This intention is to be discovered by a consideration of all its parts. If it had been intended that Lord only, could entitle himself to the promised sum of money by constructing the road, and that no one else could be substituted in his place, it would not have been said "that said sums of money are to be paid when the said Henry C. Lord *or his assigns* shall have completed said road from Indianapolis to the town of Crawfordsville," &c.; and then, in the body of the obligation the agreement is to pay to Henry C. Lord *or his assigns*. There is nothing in the substance of the transaction which indicates in any way that it was regarded as essential that Mr. Lord should construct the road. The ob-

ject seems to have been to secure the construction of the road upon the specified route, and when that was done, it seems to us that the defendant had got what he contracted for, and became liable to pay the amount which he had promised.

But it is insisted that the statement in the assignment of Mr. Lord, that he had abandoned the construction of the railroad, is an insuperable obstacle in the way of a recovery. We think not. It simply shows that the time had come, contemplated by the parties to the contract, when he might devolve upon "his assigns" the obligations and rights which he had assumed or was entitled to under the agreement.

Again, it is claimed that the subscription was, on the part of the defendant, only a proposition which, to be binding upon him, must have been accepted and made binding on the other party; that there can be no contract without a proposition on one part and the acceptance of it on the other. Conceding that the proposition or agreement to pay the amount named might have been withdrawn by the defendant, before there was a formal acceptance of it, or the work was constructed, which we do not decide, still it does not appear that there was any such withdrawal. For aught that appears, he stood by and allowed the work to go on to completion, without objection, knowing that those engaged in the work were relying on his promise for so much of their pay.

As no time was specified within which the railroad was to be constructed, the law, as in other cases, doubtless required it to be done in a reasonable time. But what would be a reasonable time in which to construct such a work may not be purely a question of law. It may depend on many facts and circumstances, and might be a proper question for a jury, under the direction of the court. We know that considerable time is generally required to secure the means necessary to justify the commencement of such a work, and also to construct the work after it has been commenced. We cannot say that in this case there was unreasonable delay.

The judgment is reversed, with costs to the appellants; and the cause is remanded, with directions to overrule the demurrer to the complaint and require the defendant to plead thereto.

*S. C. Willson, L. B. Willson, P. S. Kennedy, C. C. Nave,* and *C. A. Nave,* for appellants.

*L. M. Campbell,* for appellee.