## HAYS *v*. BRANHAM and Others.

CONTRACT.—*Assignment.*—Where a written promise was given to pay to a railroad corporation a certain sum of money, when its road should be completed through a particular county; *provided*, it should run through lands owned by A. in a designated locality;

*Held*, that such contract was assignable without indorsement, and the purchaser might maintain an action thereon in his own name.

PLEADING.—*Performance of Condition.*—In a suit on such contract, an averment, "that accepting and acting on said agreement and subscription, said company did construct and build such railroad, and that the same was so far completed in accordance with said contract and agreement that, on" etc., "the same was ready for running cars thereon through said county," was held not a sufficient averment of performance of the conditions of the contract to entitle the plaintiff to recover.

SAME.—*Evidence.*—Where the maker of such written contract, in a suit against him for its enforcement, answered that his agreement contained other stipulations and conditions as set out in a conditional subscription paper made a part of the answer, executed by others, to which he was not a party; and that the plaintiff had not performed said stipulations and conditions;

*Held*, that a demurrer was properly sustained to the answer, nor could such evidence be admitted on the trial.

*Held*, also, that evidence that the road did run through the designated lands of A. could not be admitted under the averments of the complaint.

APPEAL from the Owen Common Pleas.

DOWNEY, C. J.—Branham, Allen, and Fletcher sued the appellant on the following instrument:

" I promise to pay to the Indianapolis and Vincennes Railroad Company five hundred dollars, when their said road shall have been completed through Owen county, Indiana; provided, the said road shall run through the lands owned by Malinda Hays, in section three, township ten, north of range three west, in said county./

·Feb. 2d, 1866.          LEWIS M. HAYS. $500."

It is alleged that the railroad company assigned the instrument to Burnside, who agreed to build the road, and that he assigned it, with the approbation of the company, to the plaintiffs. The company and Burnside are made defendants to answer as to the assignments.

The allegation in the complaint of compliance with the

condition on which the money was to be paid, is as follows: " And the plaintiffs aver that, accepting and acting on said agreement and subscription, said company did construct and build such railroad, and that the same was so far completed, in accordance with said contract and agreement, that on the 20th day of July, 1869, the same was ready for running cars thereon through said county."

The defendant, Hays, demurred to the complaint, for the reason that it did not state facts sufficient to constitute a cause of action. His demurrer was overruled, and he excepted, and this is the first error assigned.

We think this demurrer should have been sustained. The allegation of compliance with the conditions on which the money was promised is insufficient. Even with reference to the completion of the road through the county, the allegation is very cautiously made. It was "so far completed," etc. But as to its being completed through the lands of Melinda Hays, there is no allegation whatever. It is very clear that the road might be completed through the county, and yet not through the lands of the party named. The citation of authorities on this point is not considered necessary.

Another objection to the complaint made by counsel is, that the instrument in question was not assignable. We think otherwise. When Burnside undertook to build the road for the company, we think the company might legally transfer the obligation to him, and that he might recover when the condition had been complied with. It could not be material to the party promising to pay, whether he paid the money to the company, and the company paid it to the contractor, or whether he paid it to the contractor, as the assignee of the obligation, so that the road was made according to contract. The same may be said of the second assignment of it, that from Burnside to the plaintiffs. The instrument is one which is assignable by indorsement; 2 G. & H. 658, sec. 1 ; and, we think, was assignable without indorsement, so as to enable the owner of it to sue according to 2 G. & H. 38, sec. 6. See *Smith* v. *Hollett,* 34 Ind. 519.

The defendant, Hays, then answered. The first paragraph was a general denial. In the second he alleged that the writing which he executed contained other stipulations, and was subject to other conditions, to wit, that the said company should complete her road through said county, and have the same ready for the running of the cars through said county, and that such road should be permanently located across the ridge north-west of Gosport, and down the side of the bluff below Gosport, and on the north side of the Spencer and Gosport state road, as far as practicable, before said sum named in said writing should become due or payable to said company, or said instrument binding on the defendant, which said stipulations are as follows:

## "INDIANAPOLIS AND VINCENNES RAILROAD.

### ARTICLES OF SUBSCRIPTION.

"For and in consideration of the benefits that the public in general, and we in particular, will derive from the construction of a railroad from Indianapolis to Vincennes, we, the undersigned, agree to give, donate, and pay to the Indianapolis and Vincennes Railroad Company the amount annexed to our names respectively, when said railroad company shall have completed said railroad through Owen county, the same to be collectible without relief from valuation or appraisement laws.

"December 14th, 1865.

"We sign the above subscription upon the express condition that said railroad shall be permanently located across the ridge north-west of Gosport, and down the side of the bluff below Gosport, and on the north side of the Spencer and Gosport state road as far as practicable."

Signed:

"H. Wampler, $4,500; A. H. Pettie, $500; J. E. Goss, $1,500; Fowler & Meek, $300; J. Ittenbach, $300; J. Q. Dunning, $100; T. P. Surber, $100; Wm. Alexander, $200; J. W. Alexander, $300; B. F. Hart, $50; V. E. Williams, $50; P. Williams, $200; James Goss, $50; A. Williams,

$100; Samuel Alverson, $50; J. W. Branch, $500; Hamilton Hays, $250."

" I promise to pay the Indianapolis and Vincennes Railroad Company five hundred dollars, when their said road shall have been completed through Owen county, Indiana, provided the said road shall run through the lands owned by Malinda Hays, in section three, township ten, north of range three west, in said county.

"February 2d, 1866.

(Signed)            LEWIS M. HAYS.    $500."

That said railroad has not been permanently located across the ridge north-west of Gosport, and down the side of the bluff below Gosport, and on the north side of the Spencer and Gosport state road as far as practicable, but has been permanently located and made, and is now in operation as a line of railroad, south-west of Gosport, and on the south side of the Spencer and Gosport state road.

That it was practicable to have located and made said railroad north-west of Gosport, across said ridge and down the side of the bluff below the town of Gosport, on the north side of the Spencer and Gosport road; wherefore, etc.,

The plaintiff demurred to the second paragraph of the answer, on the ground that it did not state facts sufficient to constitute a defense to the action. The demurrer was sustained, and the defendant excepted, and this is the second error assigned.

We think this demurrer was properly sustained. We regard the defendant's obligation as separate from the preceding agreements. When the railroad shall have been completed through Owen county, Indiana, and shall run through the lands owned by Malinda Hays, described as in the instrument, the defendant will have received all that he contracted for as the consideration for which he agreed to pay the five hundred dollars.

The case was tried on the issue formed by the general denial, by the court, and there was a finding, and, after a

motion for a new trial had been made and overruled, there was judgment for the plaintiffs.

The plaintiffs on the trial produced a paper book.

The first page thereof was blank, except the following: "No. 17."

Upon the second page the following was printed:

### "INDIANAPOLIS AND VINCENNES RAILROAD.

#### ARTICLES OF SUBSCRIPTION.

"For and in consideration of the benefits that the public in general, and we in particular, will derive from the construction of a railroad from Indianapolis to Vincennes, we, the undersigned, agree to give, donate, and pay to the Indianapolis and Vincennes Railroad Company the amounts annexed to our names, respectively, when said railroad company shall have completed said railroad through Owen county, Indiana, and have the same ready for the running of the cars through said county; the same to be collectible without relief from valuation or appraisement laws.

"December 14, 1865."

Following which, on the same page, there was the following, in writing:

"We sign the above subscription upon the express consideration that".

Upon the third page was the following, in writing: "said railroad shall be permanently located across the ridge north-west of Gosport, and run down the side of the bluff below Gosport, and on the north side of the Spencer and Gosport state road, so far as practicable."

Signed:

"Hezekiah Wampler, $4,500; A. H. Pettie, $500; J. E. Goss, $1,500; J. W. Branch, $500; Hamilton Hays, $250."

On the fourth page was written the following:

"Fowler & Meek, $300; John Ittenbach, $300; James Q. Dunning, $100; Samuel Alverson, $50; And. J. Glover, $500; Thomas P. Surber, $100; Wm. Alexander, $200; James Goss, $50; J. W. Alexander, $300; B. F. Hart, $50;

V. E. Williams, $50; P. Williams, $200; A. Williams, $100."

On the fifth page is the following, in writing:

" I promise to pay to the Indianapolis and Vincennes Railroad Company five hundred dollars, when their said railroad shall have been completed through Owen county, Indiana; provided, the said road shall run through the lands owned by Malinda Hays, in section three, township ten, north of range three west, in said county.

"February 2d, 1866.            LEWIS M. HAYS.  $500."

On the sixth page is the following:

"UNITED STATES INTERNAL REVENUE COLLECTOR'S OFFICE,

SEVENTH DISTRICT INDIANA,

TERRE HAUTE, December 10th, 1869.

I hereby certify that this instrument, composed of books from 1 to 25, inclusive, has been stamped with a five cents internal revenue stamp, affixed and cancelled by me (one stamp on each book or sheet), at the request of William M. Franklin, Esq., attorney for I. & V. R. R., this 10th day of December, 1869. Penalty of $50 on said entire contract collected, as required by letter of J. W. Douglas, Acting Com. Int. Rev. of December 2d, 1869.

SAM'L MAGILL, Collector."

There was also, on the same page, the impression in paper of said collector's seal. The bill of exceptions shows an internal revenue stamp on the following pages: the fourth and fifth.

The appellees offered in evidence only so much of the matter contained in said book as is found on the fifth page thereof, while the appellant insisted that all the matter contained in said book should be read in evidence.

The court permitted the appellees to read, in evidence, the matter found on page five of said book, and did not require them to read in evidence the other matter contained therein.

William M. Franklin testified as a witness for the appellees. His testimony showed that the Indianapolis and Vincennes Railroad Company had completed its railroad through Owen county, Indiana, and through the lands owned by

Malinda Hays, in section three, township ten, north of range three west, in said county, on the 20th day of July, 1869, ready to be run by the cars.

The appellant offered to read in evidence the matter above set forth, contained in the book mentioned, not offered in evidence by the appellees. The court, upon the appellees' objection, declined to permit it to be read in evidence.

The evidence of Franklin, that the road was made through the lands of Malinda Hays, was admitted over the objection of the defendant.

We have already decided that the contract of the defendant was not connected with the preceding stipulations or agreements. Hence it was proper for the court to allow the matter on the fifth page, being that agreement, to be read in evidence without requiring the plaintiff to read the entries on the other pages; and it was, for the same reason, proper to refuse to allow the defendant to read the other entries.

The question argued as to the revenue stamp is immaterial. The paper was valid without a stamp. But it seems to have been stamped to the satisfaction of the revenue officer, and the penalty paid.

The evidence that the railroad had been made through the lands of Malinda Hays was wrongly admitted, as there was no allegation of that fact in the complaint.

The judgment is reversed, with costs, and the cause is remanded.

*W. R. Harrison* and *W. S. Shirley*, for appellant.

*T. A. Hendricks, O. B. Hord, A. W. Hendricks,* and *W. M. Franklin*, for appellees.