No. 9580.

84 597
144 683

## CUNNINGHAM v. BAKER.

REPLEVIN.—*Landlord and Tenant.*—*Crops.*—Where, by the terms of a lease, the tenant is to thresh the wheat crop and deliver to the landlord a certain share in the bushel, the tenant has a right to possess the wheat for the purpose of performing his contract, and may maintain replevin therefor.

SAME.—*Demand.*—Where one wrongfully takes property from the possession of another, a demand is not necessary before bringing suit in replevin.

BILL OF EXCEPTIONS.—*Filing at Subsequent Term.*—*Exception, When Taken.*—*New Trial.*—*Evidence.*—Before the present statute, section 626, R. S. 1881, where a motion for a new trial assigned as causes rulings upon the trial as to evidence, instructions or the like, and the motion was not overruled until a succeeding term, questions on such rulings could not be saved by bill of exceptions filed on leave obtained at the latter term.

From the Delaware Circuit Court.

*R. S. Gregory* and *C. E. Shipley*, for appellant.

*W. A. Thompson* and *A. O. Marsh*, for appellee.

MORRIS, C.—This was an action of replevin brought by the appellee against the appellant in the Randolph Circuit Court, and removed by change of venue to the Delaware Circuit Court.

The complaint is in the usual form, and states that the appellee is the owner and entitled to the possession of 200 bushels of wheat, which the appellant, without right, unlawfully detains from her.

The appellant answered the complaint by a general denial.

The cause was submitted to a jury for trial at the December term, 1880, of said court, who returned a verdict for the appellee, upon which judgment was rendered in her favor. At the same term, the appellant filed a written motion for a new trial, which was taken under advisement until the March term, 1881, of said court, at which term the motion for a new trial was overruled, and the appellant excepted. Thirty days were then given within which to file a bill of exceptions.

The appellant, within the time limited, filed a bill of exceptions containing the evidence given on the trial of the cause.

The errors assigned are:

1. That the complaint does not contain facts sufficient to constitute a cause of action.

2. The court erred in overruling the appellant's motion for a new trial.

The appellant has, very properly, omitted to discuss the first error. We think the complaint abundantly sufficient.

The only question presented by the record for decision is, Does the evidence in the case support the verdict? Testimony was admitted on the trial over the objection of the appellant, and testimony offered by him was excluded by the court. Counsel for the appellant discuss at some length the rulings of the court in admitting and excluding such testimony, but no exceptions to the rulings of the court in this respect have been saved. The trial was had, and the motion for a new trial filed, at the December term, 1880, of the court, but no exception was then saved, nor time allowed for filing a bill of exceptions. At the following March term of the court, the motion for a new trial was overruled, and thirty days time given the appellant to file a bill of exceptions. This was sufficient to bring the evidence into the record, but not for the purpose of saving exceptions taken at the prior term of the court. *Sohn* v. *Marion, etc., G. R. Co.*, 73 Ind. 77; *Backus* v. *Gallentine*, 76 Ind. 367; *Supreme Lodge, etc.,* v. *Johnson*, 78 Ind. 110.

Counsel for the appellant also insist that the court erred in giving and refusing instructions. But neither the instructions given nor those refused are properly in the record. They are found only in the bill of exceptions. They could not, by such a bill of exceptions, be brought into the record. *Supreme Lodge, etc.,* v. *Johnson, supra.*

By a written agreement entered into between the appellant and John W. Baker, the former rented to the latter three fields, for the purpose of raising thereon a crop of wheat.

Baker was to cultivate the fields in a good, husbandlike manner, and to cut and thresh the wheat at his own expense, and to deliver one-half of it in the bushel and one-half of the straw in the rick to the appellant. The wheat was to be delivered at the usual time of threshing, and each party was to furnish one-half the seed. The wheat in controversy was raised on the fields so rented. John W. Baker was, at the time he rented said land, the husband of the appellee, but they had separated and been divorced before the commencement of this suit.

The appellee testified in her own behalf that the wheat in controversy belonged to her at the commencement of this suit; that she had received some $500 from her father's estate; that she had from time to time let her husband have the money, and that he had given her the wheat and other property in payment of the money so obtained from her by him; that he gave her the wheat about the time they separated; that she had employed Baker to attend to the threshing and harvesting of the wheat; that she had had no conversation with the appellant about the matter; that she was to pay Baker for harvesting and threshing the wheat.

John W. Baker testified on behalf of the appellee, that he married her some five or six years ago; that they had been divorced the previous May; that he was in debt to his wife and paid her by giving her all he had, including the wheat in controversy, about the time they separated; that he gave her all his interest in the wheat in controversy; that he agreed to cut and thresh the wheat; that this was after the divorce; that he got a man to cut the wheat and got Henry Oyler to stack it; he employed Oyler to take care of it; the appellant wanted it stacked in his barnyard; it was stacked in his barnyard, so that his straw would be all together; the arrangement was that when the appellant was ready to thresh his wheat, he was to let Oyler know, so that he could furnish hands to thresh this wheat; that he, Baker and Oyler, had their hands there and the appellant had his; he asked the appellant why he was doing all the threshing; he replied that

it was his wheat and the appellee had no right to it; Baker told the appellant that he had hands there according to arrangement to do the threshing; the appellant said it made no difference, that he had hands there and they were going to thresh the wheat, and that the appellee should not have a grain of it until the costs in their lawsuits were paid, and that the appellee's hands had no right there; that appellant went on and threshed the wheat, but was doing nothing in the way of dividing it; he sent one load of the wheat to town and said there were one hundred bushels in his granary.

The facts as testified to by the appellee and John W. Baker were, in the main, supported by the testimony of other witnesses. It also appeared from the testimony that the wheat in controversy had been taken by the officer upon the writ of replevin issued in the case, and delivered, upon a proper bond being filed, to the appellee.

The testimony of the appellant was in contradiction of the material parts of the testimony of the appellee and John W. Baker. His testimony was strongly supported by other witnesses.

We can not weigh this conflicting testimony with a view to control the verdict of the jury. The preponderance of the evidence may be opposed to the verdict of the jury, but if that produced by the appellee legally tends to support it, we can not disturb it. The appellant contends that, at the time this suit was commenced, he was not only the owner of one-half the wheat, but that he was legally in possession of the whole of it.

By the terms of the lease or written contract between the appellant and John W. Baker, the latter was clearly entitled to the possession of the wheat raised pursuant to its terms, for the purpose of being, and until it should be, threshed and divided. *Williams* v. *Smith*, 7 Ind. 559; *Chissom* v. *Hawkins*, 11 Ind. 316; *Lacy* v. *Weaver*, 49 Ind. 373 (19 Am. R. 683).

The fact that the wheat was stacked in the barnyard of the appellant, at his request and for his convenience, would neither

divest John W. Baker or his vendee of the right to its possession, nor give the appellant the possession of the grain. By consenting to the stacking of the wheat in his barnyard, the appellant not only consented that the possession of the wheat should remain in the party having the right of possession, but that such party should have the right of access to it. It was, according to the testimony of Baker, a part of the arrangement that the appellant should notify Oyler, the person left in charge of the wheat by Baker, of the time when he would be ready to thresh his own wheat, so that Oyler could attend with hands to thresh the wheat raised by Baker. According to this testimony, no change of possession could have been contemplated by the parties.

The appellant insists that this suit could not be maintained without proof of a demand made upon him for the wheat before the commencement of this suit. No demand was necessary. The proof of the appellee shows that, without right, the appellant had taken possession of the wheat, refused to allow the appellee's agent possession of it, and declared that it was his, that she should not have a grain of it until she paid certain costs. These acts constituted a conversion, and rendered a demand unnecessary. Cooley Torts, 453, 454; *Robinson* v. *Skipworth*, 23 Ind. 311; *Gilmore* v. *Newton*, 9 Allen, 171; *LeRoy* v. *East Saginaw, etc., R. W.*, 18 Mich. 233.

The appellant insists that, by the first section of the act of March 11th, 1875, he had a lien upon said wheat as security for the delivery of his share of the crop, according to the terms of the contract. This may be, but the existence of such lien neither entitled the appellant to possession of the crop nor forbade his lessee, Baker, from disposing of his share in the crop. The transfer by Baker of his interest in the crop to his wife, in payment of his indebtedness to her, in no way interfered with or affected the appellant's lien. It was as valid and operative after the transfer to the appellee as it was before, and it may be enforced against her as if no transfer had been made. If the appellant desires to enforce such lien he

must resort to legal methods. He can not take the law into his own hands, seize the wheat and adjudge it to be his own. Baker transferred, according to his testimony and that of the appellee, his interest in the crop to the latter. She had not removed it, and, though the appellant had threshed the wheat, she, as the successor in interest of John W. Baker, had a legal right to its possession for the purpose of making the division and setting aside to the appellant his share of the wheat, according to the terms of the contract. *Indianapolis, etc., Union v. Cleveland, etc., R. W. Co.*, 45 Ind. 281; *Ross v. Schneider*, 30 Ind. 423; *Hays v. Branham*, 36 Ind. 219.

This disposes of the questions presented by the record. We think the judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.