A. C. RENO, APPELLANT, *v.* M. H. BEARDSLEY, RE-
SPONDENT.

STATUTE OF FRAUDS—TENANCY AT WILL—PAR. L CONTRACT.—Where
one holds possession of an hotél under a parol agreement,
constituting him a tenant at will, a contract made by him to
sell and surrender his possession together with the personal
property used in connection therewith is not within the statute
of frauds, and is not required to be in writing.

APPEAL from a judgment of the district court of the
first district and from an order granting a non-suit.  There
were certain writings offered in evidence of which the
following are copies:

THE ROCKAWAY,
A. C. Reno, Proprietor,
OGDEN CITY, Utah, Sept. 17, 1887.

M. H. BEARDSLEY, ESQ.:

*Dear Sir*—I will take the house as per agreement, and
at your figures, five thousand dollars.  If you desire any-
thing to bind the bargain, let me know.  I now await only
your answer, and your recommendations from the com-
pany.  I remain very respectfully,

A. C. RENO.

PALMER HOUSE,
M. H. Beardsley, Proprietor.
GREEN RIVER, Utah, Sept. 20, 1887.

A. C. RENO, ESQ., Ogden:

*Dear Sir*—Yours of 17th at hand and noted.  You
accept my terms; it would suit me as well otherwise, but
it must be a go.  You suggest to pay something to bind
the bargain.  That is the usual way to do.  I would like
to know that this will be a sure sale, providing Super-
intendent Bancroft consents.  Before I speak to him on
the subject, I would say $500 down now, and balance,
$4,500, when I put you in possession.  Groceries and pro-
visions added.  As we talked of, if Mr. Bancroft refuses to

give you the place, then of course the $500 to be returned
to you. I don't think there will be any trouble about that.
I suggest that you give me the names of two or three good
men that I can refer him to; for instance, Major Erb and
one or two good business men in Ogden. It will add
much to anything I will say.

Mrs. Beardsley is in Salt Lake, and she may go to
Ogden. I will not be able to go up to see Mr. Bancroft
before she comes home, perhaps Wednesday or Thursday.
In the meantime let me hear from you. Let us keep this
perfectly quiet until everything is settled with Super-
intendent Bancroft. Yours truly,

M. H. BEARDSLEY.

THE ROCKAWAY,<br>
A. C. Reno, Proprietor,<br>
OGDEN CITY, Utah, Sept. 20, 1887.

M. H. BEARDSLEY, ESQ.:

*Dear Sir*—Enclosed please find draft for $500.

My references are L. B. Adams, A. G. Fell, Geo. A.
Lowe, and J. J. Dickey.

If you will let me know the day before you start for
Salt Lake, to see Superintendent Bancroft, I can meet you
there.            Very respectfully,

A. C. RENO.

PALMER HOUSE,<br>
M. H. Beardsley, Proprietor.<br>
GREEN RIVER, Utah, Sept. 21, 1887.

A. C. RENO, ESQ., Ogden:

*Dear Sir*—Yours of the 20th with draft, $500, received.
Your reference is A "1." I will let you know when to
meet me in Salt Lake. Yours truly,

M. H. BEARDSLEY.

GREEN RIVER, Oct. 26, 1887.

A. C. RENO, ESQ., Ogden:

*Dear Sir*—After talking with my wife about all the
places that I saw while away on my prospecting trip, we
have decided to remain here for the present. I herewith
return your check. Yours truly,

M. H. BEARDSLEY.

PALMER HOUSE, &#125;
M. H. Beardsley, Proprietor. &#125;
GREEN RIVER, Utah, Sept. 23, 1887. &#125;

A. C. RENO, ESQ., Ogden:

Superintendent Bancroft is here. He came last night. He is decidedly opposed to our going away. He will not decide for a few days. In the meantime I am going to Cal. If he decides favorable, you will get the place, as we talked of. You can declare the business all off now, if you wish to now. Yours truly,

M. H. BEARDSLEY.

THE ROCKAWAY, &#125;
A. C. Reno, Proprietor. &#125;
OGDEN CITY, Utah, Sept. 24, 1887. &#125;

M. H. BEARDSLEY, ESQ.:

*Dear Sir*—In reply to yours of the 23d inst., I most emphatically refuse to declare the bargain off.

My letters of recommendation have gone to Superintendent Bancroft, and I will see him personally as soon as possible.        Very respectfully,

A. C. RENO.

THE ROCKAWAY, &#125;
A. C. Reno, Proprietor. &#125;
OGDEN CITY, Oct. 28, 1887. &#125;

M. H. BEARDSLEY, Esq.,

*Dear Sir:*—Your note through Mr. Conlisk received, and draft you returned declined. Will now give you until the first day of November to fulfill your contract; and if not hearing from you by that date, shall enter suit against you immediately. I also expect to make an offer of two hundred per month to the company for the house. I started out to purchase your interests in the house in good faith, and thought of course you would stand by your letters of agreement and receipts. But as you have not done so, I shall do as I previously stated. Very Respectfully,

A. C. RENO.

The remaining facts are stated in the opinion of the Court.

*Mr. Arthur Brown* and *Mr. A. R. Heywood*, for the appellant.

Cited *Smith* v. *Devlin,* 23 N. Y. 364; *Whittemore* v. *Gibbs,* 24 N. H., 484; *Ross* v. *Schneider,* 30 Ind., 423; Brown on Frauds, sec's. 46, 269.

*Mr. Orlando W. Powers,* for the respondent.

Cited *Smith* v. *Burnham,* 3 Sumn., 435; *Richards* v. *Richards,* 9 Gray 313; Brown on Frauds, p. 235, sec. 231; *Howard* v. *Easton,* 7 Johns, 205; *North* v. *Webb,* 32 Maine, 218; *Coleman* v. *Packard,* 16 Mass. 39; *Gilbert* v. *Bulkley,* 5 Conn., 262. The description in the writings does not identify the property. *Eggleston* v. *Wagner,* 46 Mich., 619; *Clark* v. *Chamberlin,* 112 Mass., 19; *Wright* v. *Weeks,* 25 N. Y., 161.

ANDERSON, J.:

The plaintiff brought this suit to recover $10,000 damages for the breach of a contract to sell to plaintiff certain personal property and defendant's right to the premises of an hotel in Green River City, Utah Territory. The complaint alleged that the defendant in September, 1887, agreed to sell to plaintiff, for $5,000, the hotel business then being carried on by defendant in Green River City, together with the lease and certain chattels and personal property used in connection with said hotel, and to give plaintiff possession thereof on or before October 1, 1887, provided W. H. Bancroft, the superintendent of the Denver and Rio Grande Western Railway Company, which company owned the hotel, would consent to such transfer; that said Bancroft did consent thereto; and that plaintiff, in writing signed by himself, accepted the terms offered by defendant, and that immediately after said acceptance defendant made a memorandum of the said agreement in writing; that by the terms of said memorandum, $500 was to be paid down, and the balance, $4,500, when plaintiff was put in possession; that the $500 was paid at once by the plaintiff, but that the defendant refused to give plaintiff possession on October 1st, and has ever since refused to fulfill any part of said agreement; that the plaintiff has at all times been ready and willing to fully perform his

part thereof, and has demanded of the defendant that he comply with his part of the contract; that the hotel business and chattels agreed to be transferred by defendant were worth $15,000, for which amount he claimed judgment. The defendant by his answer denied the making of the contract as alleged, or any contract. He admitted that the plaintiff had demanded possession of the hotel, and had paid him $500, but averred it was paid pending the negotiations between the parties, which negotiations failed, and that thereupon he tendered said money back to the plaintiff. The plaintiff introduced evidence tending to prove the allegations in his complaint. The evidence as to the making of the contract was partly oral and partly written; the latter consisting of letters written by the respective parties to each other. After plaintiff had introduced all his evidence, the defendant moved the court for a nonsuit against the plaintiff, because (1) no contract had been shown; (2) that such contract as there was, was not reduced to writing, and was within the statute of frauds; (3) that the writing introduced did not show a contract with sufficient certainty that it could be understood, without recourse to parol evidence to show the intention of the parties. This motion was sustained by the court. When the court announced its intention of sustaining the motion counsel for plaintiff asked the court to charge the jury that plaintiff, under the pleadings and proofs, was entitled to recover $500. Plaintiff also asked the court to charge the jury that plaintiff was entitled to recover the $500 paid defendant, with interest thereon from the time the same was paid; also counsel for plaintiff asked that the case proceed to enable plaintiff to recover the $500 paid defendant. The court refused each of these requests, and rendered judgment of nonsuit and for costs against the plaintiff; to each of which rulings, and to the entering of judgment, plaintiff excepted, and brings this appeal, and assigns as error (1) the sustaining of the motion for nonsuit; (2) the ruling of the court that the contract was within the statute of frauds relative to real estate; (3) the refusal of the court to allow the case to continue for the purpose of a recovery of the $500 paid, if the proof of the plaintiff should not be contradicted.

The evidence introduced by plaintiff tended to show that the hotel in question was owned by the Denver and Rio Grande Western Railway Company, and was situated on its line of road, and that trains stopped there for meals for passengers; that defendant had possession of and kept the hotel under a parol agreement with W. H. Bancroft, the superintendent of the railroad company, without any stipulation as to the length of time he should keep it, and without being required to pay any rent therefor, that he could surrender possession whenever he chose, or could be required to surrender possession by the superintendent of the railway at any time. This constituted the defendant a tenant at will, and a contract to sell and surrender his possession of the hotel, together with the personal property used in connection therewith, was not within the statute of frauds, and was not required to be in writing, and the District Court erred in holding otherwise. The statute of frauds in this Territory provides as follows: "That no estate in lands, other than for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same, or by his lawful agent thereunto authorized by writing." Comp. Laws 1888, § 2831. In *Smith* v. *Devlin*, 23 N. Y. 363, there was a parol agreement to surrender the unexpired term for a year, in a lease under seal for three years. The point was made that it could only be done by writing, and was within the statute of frauds of that state, which was in all material respects identical with the Utah statute above quoted. But the court held that the remaining estate or interest of the tenant was a lease for one year only, and an agreement to surrender possession need not be in writing. *Ross* v. *Schneider*, 30 Ind. 423, was a case of a parol contract to sell and transfer the right of possession of a tenant from year to year. Objection was made that the contract was within the statute of frauds, and in overruling this objection the court say: " It is insisted, however, by appellant's

counsel that the transfer of appellant's right of possession as tenant from year to year could only be conveyed or surrendered by a contract in writing signed by him, and that a parol agreement for its sale or surrender is void under the statute of frauds. This position is untenable. His tenacy was from year to year, and existed only in parol, and, if valid in him, it would be strange if he could not transfer it in the same manner." See, also, *Whittemore* v. *Gibbs*, 24 N. H. 484; Browne, St. Frauds, §§ 46,269. In the case of *Whittemore* v. *Gibbs, supra*, the defendant agreed to sell and deliver to the plaintiff a note of hand, secured by a mortgage of machinery in a shop in Manchester, together with the mortgage; and also relinquish to the plaintiff all his claim to the shop which he held as tenant at will, and not to do any custom work in Manchester or vicinity such as was then done in the shop so long as the plaintiff and one Stevens should do business there. The court say the object of the agreement appeared to have been to obtain possession of the shop and machinery, for the purpose of carrying on business in Manchester without competition from the defendant. Objection was made to the evidence offered to prove the contract, because it was in parol, but the court overruled the objection, and said: "The interest of a tenant at will is not a matter of bargain and sale or assignment, and a transfer will give the purchaser no right that he can hold." Other authorities might be added, but we deem it unnecessary to do so. As the case must be reversed for the reasons stated, it is unnecessary to notice the other points raised by the appeal, as under the decision here made they are not likely to arise upon another trial of the case. The cause is reversed and remanded. The respondent will pay the costs of this appeal.

ZANE, C. J., and JUDD, J., concurred.