No. 18,550.

THE SCOTT CITY NORTHERN RAILROAD COMPANY, *Appellee*, v. J. H. WILKINSON, *Appellant*.

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*In Aid of Railroad Construction—Consideration.* It is no defense to a note given to aid in the construction of a railroad that the road was built by another company than that specified in the contract, where nothing in the agreement itself or in the surrounding circumstances indicates that it made any difference to the signer by what company the road was built.

2. SAME—*Railroad Completed Substantially on Day Specified.* A contract by a railroad company, in consideration of an aid note, to build a road to a point on another railroad on or before a stated day, may be regarded as substantially performed, so as to authorize a recovery on the note, although for a distance of three-quarters of a mile—up to the right of way of the other road—the ties and rails were laid between midnight of that day and eleven o'clock the next morning.

Appeal from Logan district court; JACOB C. RUPPENTHAL, judge. Opinion filed January 10, 1914. Affirmed.

*C. B. Daughters,* of Manhattan, *W. H. Wagner, S. F. Cary,* both of Russell Springs, and *W. L. Sayers,* of Hill City, for the appellant.

*C. L. Kagey,* and *R. M. Anderson,* both of Beloit, for the appellee.

The opinion of the court was delivered by

MASON, J.: The Scott City Northern Railroad Company obtained a judgment against J. H. Wilkinson upon a note given as an inducement to the building of a railroad from Scott City to a point on the Union Pacific north of Russell Springs, and the defendant appeals.

The principal contentions upon which a reversal is asked are : (1) that the payment of the note sued upon was conditioned upon the building of a road by another company than that which did build it; and (2) that the conditions in other respects were not sufficiently performed. The note or contract sued upon reads:

"Upon the completion of a standard gauge railroad between Scott City, Kansas, and Russell Springs, Kansas, then to a point on the Union Pacific railroad north of Russell Springs, Kansas, on or before July 1, 1911, for value received I promise to pay to the order of The Garden City, Gulf & Northern Railroad Company at the Russell Springs State Bank, at Russell Springs, Kansas, $1,000.00 (one thousand dollars) with interest at 8 per cent per annum after maturity, this obligation

to be conditioned upon the construction and completion by the aforesaid Company of a standard guage railroad from Scott City, Kansas, to Russell Springs, Kansas, thence to a point on the Union Pacific railroad north of Russell Springs, Kansas, on or before July 1, 1911; failure to so construct said railroad as above specified shall make this obligation null and void."

The findings show these facts: The company named in the contract had already constructed and was operating a railroad from Garden City to Scott City, and its charter authorized it to build a line for a considerable additional distance both north and south. The plaintiff company was chartered to build and operate a railroad northwest from Scott City. It was not technically the successor of the other company, but its purposes were practically identical so far as relates to the road from Scott City to the Union Pacific. It built that road, and the note sued on was transferred to it. No clearly defined lines were drawn by any one between the activities of the two companies.

Cases may arise, and have arisen, where aid has been subscribed for the building of a railroad under such circumstances that payment could not be exacted where the road was built by any other company than that to which the promise was made. (33 Cyc. 94; 37 Cyc. 483, 496.) *Toledo & S. H. Ry. Co. v. Lamphear,* 54 Mich. 575, 20 N. W. 590, is a typical instance. There, however, the consideration was expressed to be the benefit to be derived from the building of the railroad of the company named through a designated village, and the circumstances indicated that the identity of the company was regarded as a material part of the agreement. Here the payment was promised upon the completion of a railroad between the points named. The writing specified as a condition that within a certain time the road should be completed "by the aforesaid company," but the road was not required to be that of any particular company, nor was anything said as to

what company should operate it. The court found as a fact that at the time he signed the note it made no difference to Wilkinson who built the road. In this situation we think the court rightly held the defendant liable, so far as concerns the contention under consideration.

In *Tol. & A. A. R. R. Co. v. Johnson*, 55 Mich. 456, 21 N. W. 888, the original company to whom an aid note had been given became bankrupt, and a new company acquired its assets, completed the work, and sued upon the note. A recovery was sustained, the court saying:

"This was not a personal contract which could be performed by the Toledo, Ann Arbor & Northern Railroad Company only. It contemplates a transfer of the contract. The agreement is to pay to the order of the company. . . . It would seem to be immaterial to defendant what railroad company actually constructed the road, so long as it was done substantially upon the line adopted by the company named; the benefits derived from its construction would be the same whether built by one company or another." (pp. 460, 461.)

(See, also, *Smith and Others v. Hollett*, 34 Ind. 519; *First National Bank v. Ruddock Co.*, 158 Cal. 334, 111 Pac. 86; *Hunt v. Upton*, 44 Wash. 124, 87 Pac. 56.)

A further finding reads:

"The railroad was constructed from Scott City through Russell Springs to the Union Pacific railroad, at Winona, by the close of July 1, 1911, except that for about three-quarters of a mile from the Union Pacific railroad only the grading was completed and the ties and rails were not laid; but by 11 o'clock the following morning, Sunday, July 2, 1911, the last three-quarters of a mile had been laid with ties and rails sufficiently spiked up to the Union Pacific right of way. A few weeks later the road was connected with the Union Pacific track at Winona and trainloads of freight or of passengers, or both, have ever since been carried over said road daily, except Sunday, upon a regular schedule from Winona to Scott City and return, except in severe snow blockades early in 1912."

Railroad Co. v. Wilkinson.

The question for determination is whether this constituted a sufficient performance to authorize a recovery upon the note in suit. There is conflict of judicial opinion as to whether anything but a complete, exact and technical fulfillment of every condition stated will enable a railroad company to enforce an aid contract. This court, however, has held that a substantial compliance is all that is necessary. See *Railroad Co. v. Scott County*, 82 Kan. 795, 109 Pac. 684, where the cases bearing on the question are collected. (See, also, *Jackson v. Stockbridge*, 29 Tex. 394; *The Missouri Pacific Railway Company v. Tygard*, 84 Mo. 263; *Ogden et al. v. Kirby*, 79 Ill. 555.) We are clearly of the opinion that either the finding quoted compels the conclusion as a matter of law that there was such a substantial compliance with the conditions named as to entitle the company to enforce the subscription, or else this finding, taken in connection with others and with the evidence, justified a decision by the trial court as a question of fact, that there had been such a compliance.

The appellant contends that error was committed in overruling a demurrer to the petition. The questions involved in this assignment are substantially the same as those already considered. If the plaintiff failed to set out the facts with sufficient fullness in its pleading the defect was supplied by the evidence. The real controversy was fully threshed out before the trial court, and there is no occasion now for a critical examination of the allegations of the petition.

The judgment is affirmed.