Sohn *v*. The Marion and Liberty Gravel Road Company *et al.*

———•••———

No. 7903.

SOHN *v*. THE MARION AND LIBERTY GRAVEL ROAD CO. ET AL.

PRACTICE.—*Bill of Exceptions.— When Must be Filed.—Extension of Time.—*
When a new trial is claimed on the ground that the verdict or finding is not sustained by the evidence, or is contrary to law, the court, at the time of overruling the motion, may give time to prepare bills of exception showing the evidence, but exceptions generally must be taken at the time the decision is made, and must be reduced to writing within the term at which the decision is made, unless the time is extended beyond the term by an order of the court made during the term.

Sohn *v.* The Marion and Liberty Gravel Road Company *et al.*

:SAME.—*Conflicting Evidence.*—Where the evidence is conflicting, the Supreme Court will not review the decision of the trial court.

PLEADING.—*Complaint.*—*Relief.*—The relief to which a plaintiff is entitled must be limited to the case made by his complaint.

From the Grant Circuit Court.

— *Kersey, H. Brownlee* and *J. Brownlee,* for appellant. *A. Steele* and *R. T. St. John,* for appellees.

WOODS, J.—The appellant complained of the appellees, ·alleging in his complaint, in substance, that the defendant Fankboner, as sheriff of the county, by virtue of an execution, issued on a judgment in favor of John B. McArthur, against Zachariah M. Harris and John S. Harris, which judgment had been assigned to the plaintiff, had levied on, and on the 11th day of April, 1878, had sold to the plaintiff, one hundred and sixteen shares of the stock of said gravel road company, taken as the property of Zachariah Harris, at and for the price of one hundred fifty and one-half dollars ; that the plaintiff paid to the sheriff the costs, and offered to credit said sum of $150.50, the amount of his bid, on said judgment and execution, and then and there demanded a transfer of said shares of stock in said company from the name of said Zachariah M. Harris to his, plaintiff's, name ; that the books of said company are in its own hands, and it refuses to allow the sheriff to make a transfer of said stock, and said Fankboner refuses to transfer said stock on the books of the company, though requested to make the same, and though the plaintiff's execution constituted a proper and legal lien on said shares.    And the plaintiff asks an order that said books of the company, now held at the residence of John Ratliff, in the township of Franklin, Grant county, Indiana, by said company, be delivered to said sheriff for the purpose of transferring to the plaintiff said shares of stock, as required by section 437 of the law on that subject, and for such other order or orders as may be just .and equitable.

Sohn *v.* The Marion and Liberty Gravel Road Company *et al.*

A demurrer to this complaint for want of facts was over-ruled and exception. Answer in four paragraphs, of which the first was a general denial. Demurrer to second, third and fourth paragraphs sustained ; no exception taken, and cause continued. At the next term a second demurrer to the answer was filed, overruled as to the second paragraph, sustained to the third and fourth, and exception taken by the parties respectively. Trial was then had by the court, exceptions taken as to the introduction of evidence, but no bill of exceptions filed, and no time asked or given for that purpose. Having heard the evidence, the court took time to consider, and at the next term entered a finding and judgment for the defendants, overruling the plaintiff's motion for a new trial, and then granting time to file bills of exception, and a bill was filed within the time so allowed, showing the evidence and also the exceptions taken on the trial to the introduction of evidence.

This bill of exceptions is a proper bill, in so far as it shows the evidence in the case. Whenever a new trial is claimed on the ground that the verdict or finding is not sustained by the evidence, or is contrary to law, the court may properly, at the time of overruling the motion, give time to prepare bills of exception, showing what the evidence was, as the evidence is pertinent to ruling then made ; but section 343 of the code provides, in reference to exceptions generally, that "The party objecting to the decision must except at the time the decision is made ; but time may be given to reduce the exception to writing, but not beyond the term, unless by special leave of the court." The term here meant is that at which the decision was made and the exception taken, and the order extending the time beyond the term must be made during that term ; otherwise the exception will be deemed waived or lost. The fact that the motion for a new trial may not be passed on until a subsequent term, does not affect the rule. It is not

the policy of the law, that the right to file bills of exception shall remain open indefinitely, but that the facts on which disputed rulings of the courts have been made shall be stated, together with the exception and grounds therefor, while fresh in memory. *Nye* v. *Lewis*, 65 Ind. 326 ; *Kendel* v. *Judah*, 63 Ind. 291.

The only question, therefore, which is preserved in this record as made up, is whether the finding is sustained by sufficient evidence. There is evidence which tends to support it. Counsel claim that the preponderance is the other way, but where there is conflicting evidence this court does not attempt to review the decision of the trial court.

The point is made and pressed that the plaintiff ought to have had a finding and judgment for $150, the dividend declared on the stock in question ; but, unless entitled to the stock itself, it is difficult to see how the appellant could be entitled to the dividends thereon. Besides, the suit was not brought to recover dividends. There is no averment in the complaint, showing that any had been declared, and, if there had been, they could afford no cause for a joint action against the gravel road company and the sheriff, Fankboner.

The conclusion we have reached makes any consideration of the cross errors assigned unnecessary.

Judgment affirmed, with costs.