Backus *et ux. v.* Gallentine.

---

No. 8173.

BACKUS ET UX. *v.* GALLENTINE.

PRACTICE.—*Bill of Exceptions.—Extension of Time.—*An exception must be taken at the time of the decision and reduced to writing within the term, unless time beyond is granted by an order made during the term. The rule is different under the code of 1881, sec. 403.

INSTRUCTION.—*Misapprehension of Jury.—*The presumption will not be entertained, that a plainly worded instruction was misunderstood or misapplied by the jury.

SAME.—*Enticing Child Away.—Evidence.—Marginal Notes.—*In an action for enticing a child away, it was not error to instruct that a letter written by one of defendants after the fact might be considered as evidence of the motive for doing the act complained of.

SAME.—*Rule 19.—*Besides, in the absence of marginal notes on the transcript, according to Rule 19, it may be presumed that the instruction had reference to a different letter from that referred to in the appellant's brief.

From the Marion Superior Court.

*C. Byfield* and *L. Howland,* for appellants.
*C. D. Browder,* for appellee.

WOODS, J.—The appellee recovered against the appellants a judgment in the special term, which, on appeal to the general term, was affirmed. The action was for enticing away the appellee's child. No exceptions were saved, nor time allowed for saving them, at the term when the trial was

had.   The motion for a new trial, filed at that term, was
overruled at the next term, and time was then given to file
bills of exception.   Within the time so given the long-hand
transcript of a short-hand report of the evidence was filed,
certified by the presiding judge to contain "all the evidence
given in this case."

It is evident that no exception has been properly saved, in
this record, to any action or ruling of the court during the
progress of the trial, such as admitting or excluding evi-
dence.   Such exceptions must be taken at the time, and the
bill of exceptions prepared, signed and filed during the term,
unless time beyond the term be then granted.   *Sohn* v. *The
Marion, etc., G. R. Co.,* 73 Ind. 77.   The rule in this re-
spect is different under the present code, which provides
"That if a motion for a new trial shall be filed in a cause in
which such decision, so excepted to, is assigned as a reason
for a new trial, such motion shall carry such decision and
exception forward to the time of ruling on such motion, and
time may then be given by the court within which to reduce
such exception to writing."   Civil Code of 1881, sec. 403.

The appellants complain of the twentieth, twenty-third
and twenty-sixth instructions given by the court.

The twentieth simply directed the jury to disregard cer-
tain evidence which had been admitted and afterward with-
drawn.   Counsel claim that the jury may thereby have been
led to disregard certain other testimony of a somewhat sim-
ilar character, which was not withdrawn.   We can not indulge
any such presumption.   The instruction given was clearly
worded, and not likely to have been misunderstood; and, if
counsel thought otherwise, they should have prepared, or
moved the court to prepare, such further explanation as
was deemed necessary to prevent mistake.

No exception is saved to the twenty-third instruction.

By the twenty-sixth, the court told the jury, that, if they
found for the plaintiff, they might, in determining the ques-

tion of motive, take into consideration the fact, if found to be a fact, that attempts, either by letter or otherwise, were made by the defendants, or either of them, to induce the child to quit the care and custody of her father, the plaintiff, without his consent.

The objection made to this charge is, that it directs the jury to consider a letter of the defendant Mrs. Backus, written after the return of the child to the appellees, which letter, it is claimed, was irrelevant and inadmissible in evidence. The record of the evidence is long, covering near five hundred pages of transcript. We are not aided by marginal notes, as required by Rule 19 of this court, and are, therefore, not able to say that there were not other letters in evidence, to which the instruction was intended and understood to apply. The letter in question, however, though written after the return of the child, may have revealed the motives of the defendant, as well as if written before or during the child's absence; and, indeed, upon examination of its contents, we are convinced that it was significant and competent evidence in the direction indicated by the instruction.

We can not say that the damages were excessive, or that the verdict is contrary to law, or in any respect unsupported by sufficient evidence.

Judgment affirmed, with costs.