The Supreme Lodge, Knights of Honor of the World, *v.* Johnson.

No. 8192.

THE SUPREME LODGE, KNIGHTS OF HONOR OF THE WORLD, *v.* JOHNSON.

PRACTICE.—*Exceptions, How Saved.*—Exceptions taken during the progress of a trial, under the Code of 1852, must be saved in bills filed at the time, unless time be then granted beyond the term for filing the bill.

SAME.—*New Trial.—Bill of Exceptions.*—Upon the overruling of a motion for a new trial, time may be given for filing a bill containing the evidence.

SAME.—*Instructions.*—In order to save any question in reference to instructions, under sections 324-5 of the Code, it must appear that the same were filed.

BENEVOLENT SOCIETY.—*Certificate.—Evidence.—Presumption.*—In an action upon a contract for life insurance in the shape of a certificate of membership, reciting that the deceased was a " beneficiary member in good standing" in a benevolent association, and that upon his death a sum named would be paid, " provided he be in good standing when he dies," the certificate is proof of the good standing of the party named at the time issued, and such standing will be presumed to have continued, in the absence of contrary evidence.

SAME.—*Burden of Proof.*—In such case the burden was on the society to show that, by reason of his conduct, or his failure to comply with the regulations or requirements of the society, the deceased had lost his good standing.

SAME.—*By-Law.—Notice of Assessment.*—Under the by-law of such society (for which see opinion), a member was entitled to notice of assessment, before he could be suspended for non-payment.

Proof of service or giving of notice involves proof of its contents.

From the Marion Superior Court.

*P. W. Bartholomew, N. B. Taylor, F. Rand* and *E. Taylor,* for appellant.

*T. S. Rollins, G. H. Ryman* and *W. W. Pringle,* for appellee.

Woods, J.—The single question presented in this record is, whether the verdict is in accordance with the evidence. Counsel have discussed the rulings of the court in admitting evidence, and in giving and refusing instructions, but exceptions to these rulings have not been saved. The trial was had, and the motion for a new trial was filed, at the September term, 1878, but no exception was then saved, nor time allowed for filing a bill of exceptions. At the ensuing October term of the court, upon overruling the motion for a new trial, the court gave the appellant time for filing a bill of exceptions, and within the time so allowed a bill was filed. For the purpose of bringing the evidence into the record, this was sufficient, but not for the purpose of saving any exceptions taken at the prior term of court when the trial was had. *Sohn* v. *Marion, etc., G. R. Co.,* 73 Ind. 77; *Backus* v. *Gallentine,* 76 Ind. 367.

This bill of exceptions professes to set out the instructions given by the court, and one which the court refused to give, and to show exceptions by the appellant to the giving and refusing thereof; but these exceptions are not saved, either by the bill of exceptions or in the mode prescribed by sections 324 and 325 of the code,—not by the bill of exceptions, for the reason already stated, and not in the other mode, because it is not shown that the instructions were filed. The sixth clause of section 324 requires that "All instructions given by the court must be signed by the judge, *and filed,* together with those asked for by the parties, as a part of the record."

Under the code of 1881, the practice in this respect is so far modified as to require that the memorandum, "given and excepted to," or "refused and excepted to," shall "be signed

by the judge, and *dated.*" The filing is still necessary. Revised Statutes of 1881, p. 100, sections 533, 535.

The appellee, as the widow of Benj. F. Johnson, sued the appellant upon the following certificate:

"No.——              $2,000.00

"KNIGHTS OF HONOR: BENEFIT CERTIFICATE.

"This certifies that Bro. Benjamin F. Johnson has received the degree of Manhood; that he is a beneficiary member of the lodge in good standing; that in accordance with, and under the provisions of, the laws governing the order, the sum of $2,000 will be paid by the Supreme Lodge, Knights of Honor of the World, as a benefit, upon due notice of his death and the surrender of this certificate, to such person or persons as he may, by will or entry on record book of this lodge, or on the face of this certificate, direct the same to be paid, provided he be in good standing when he dies.

"Given under the seal of Victoria Lodge No. 22, Knights of Honor, at Indianapolis, Ind., this 25th day of April, 1877.

"J. B. BIDWELL, Dictator.

"GEO. W. GADD, Reporter."

The proper direction for payment to the appellee was made upon the face of the certificate.

The only point in dispute upon the evidence is upon the question whether Johnson, at the time of his death, was a member of the association in good standing. The only testimony introduced on this subject by the appellee, in the first instance, was the certificate, of which a copy has been given. The appellee claims, and the court, it seems, instructed the jury, that this certificate showed that the deceased was in good standing when the certificate was issued to him, and that, in the absence of contrary evidence, it might be presumed that he remained in good standing until he died.

The appellant, on the other hand, offered evidence to show that he was expelled, or suspended, for non-payment of an assessment. The validity of this suspension was disputed by the appellee, for the want of proper notice of the assessment;

and evidence was offered to show that the deceased had been reinstated in his membership and good standing. The appellant denied the reinstatement, and offered evidence to show that the application to be reinstated was rejected by the lodge.

The case is within the rule, that a state of facts shown to have once existed may be presumed to have continued.

The court, therefore, did not err in instructing the jury that in the absence of contrary evidence they might presume that the deceased continued in good standing in the order until he died, it appearing by the certificate that at the date of its issue he had such standing. It is not apparent from the certificate in what the good standing of a member was deemed to consist. Counsel for the appellant suggest that, at most, the certificate should be deemed evidence of good standing only until another assessment had been made against the holder; but it does not appear from the certificate that any assessment had been or could thereafter be made, or, if made, that the failure to pay it could affect the standing of the member. The production of the certificate, with the requisite direction endorsed upon it for payment to the appellee, evidence of the husband's death, with perhaps some other formal proof, made a *prima facie* case for the plaintiff; and if, by reason of his conduct or failure to comply with the regulations or requirements of the society, the deceased had lost his good standing before he died, the fact was peculiarly within the knowledge of the association, and the burden of proof on the subject upon the appellant. Whether the proof was admissible under the general issue, or the fact ought to have been specially pleaded, we are not called on to decide.

By the rules of the order, assessments were made from time to time for the purpose of keeping in the supreme treasury a sum not less than $2,000, that being the amount of a single benefit. The supreme reporter, as each assessment was made, sent a notification thereof to each subordinate lodge, and the

reporter of that lodge was required to notify each individual member. The portion of the by-law directly relevant to the case in hand is as follows: "And each member shall be notified by the reporter of this lodge of said death, and assessed to replace in the treasury the amount forwarded to the supreme treasury, and such notice shall be official and sufficient notice to every member of this lodge. Each member shall pay the amount due, on the notice of the reporter of this lodge, within thirty days from the date such notice" (from the supreme reporter) " was read in open lodge, and any member failing to pay such assessment within thirty days, shall be suspended from this lodge."

The counsel for the appellant contend that, under this by-law, " Johnson was bound to pay the 27th assessment within . thirty days from the date the notice of it from the supreme lodge to the subordinate lodge was read in open lodge ; under the law he was not entitled to thirty days' notice, but was to pay the assessment within the time specified upon notice from the reporter of the subordinate lodge ; that is, within thirty days from the reading of the notice of assessment from the supreme lodge to the subordinate lodge of which he was a member."

Conceding, without affirming, the correctness of this interpretation, our judgment is that the verdict of the jury may be justified on the ground that the deceased was not validly suspended. The evidence fails to show, with satisfactory clearness, that Johnson was notified of the 27th assessment, for the non-payment of which it was attempted to suspend him. The record of his suspension is entirely silent on the subject of notice. The proof shows that he was not present at the time of the suspension, nor when the notification from the supreme lodge was received and read in open lodge, if, indeed, it was so read at all. The record shows only the receipt, and not the reading. One witness testified to the reading, but it is not clear that he testified from recollection, so much as upon supposition based on the usual mode of doing business in the

lodge. As to the fact of notice being sent to Johnson, the reporter's testimony amounts to an impression only that he sent the notice, either by mail or by one or the other of two individuals named, but that he did send it either way, or that it reached Johnson, was left in such doubt that the verdict may well stand on the supposition that the notice was not sent, or, if sent, that it was not received.

No proof was offered of the contents of the notice. It was clearly necessary that it should state the time of the reading in open lodge of the notice received from the supreme lodge, so that on receipt of the notice Johnson could know within what time he was required to pay.

Some stress is laid in argument upon the fact that Johnson made an application to be reinstated, and that it must therefore be that he received notice of the assessment. It does not follow, however, that he received it before the date of the suspension. So far as appears, his application for reinstatement may have been based in whole or in part upon the ground that he had received no notice of the assessment.

The following extract is from the opinion of the judge who tried the case at special term, and is given here for the sake of the authorities cited:

"Expulsion and disfranchisement of members. See generally *Osgood* v. *Nelson*, 4 Eng. Rep. (Moak's ed.) 27, note 10; Field Corp., section 64, etc.; *Waring* v. *Medical Society*, 8 Am. Law Reg. (N. S.) 533 note; High Ex. Rem., section 291, etc.

"As a general rule a member can not be expelled without notice. *Wood* v. *Woad*, 10 Eng. Rep. (Moak's ed.) 372 note; Field Corp., section 65; High Ex. Rem. 11, 295. And if expulsion is ordered without notice, the action of the corporation will be deemed a nullity. *Wood* v. *Woad, supra; People* v. *The German, etc., Church*, 53 N. Y. 103.

"Query? Whether a member can be expelled for nonpayment of dues. *Diligent, etc., Co.* v. *Commonwealth*, 75 Pa. St. 291.

" If a member be improperly removed, mandamus will lie to compel his restoration. *Osgood* v. *Nelson, supra;* High Ex. Rem., sec. 294.

" To this proposition there are some exceptions. *People* v. *The German, etc., Church,* 53 N. Y. 103.

" Otherwise, if expelled after notice and hearing, the decision being *bona fide. Wood* v. *Woad, supra; Gregg* v. *Massachusetts Medical Society,* 111 Mass. 185 ; High Ex. Rem., section 292. That a record of the trial should be kept. *Roehler* v. *Mechanics' Aid Society,* 22 Mich. 86."

Judgment affirmed, with costs.