Pitzer *v.* The Indianapolis, Peru and Chicago Railway Company.

———————◆———————

No. 8388.

PITZER *v.* THE INDIANAPOLIS, PERU AND CHICAGO RAIL-WAY COMPANY.

PRACTICE.—*Bill of Exceptions.*—Where, upon overruling a motion for a new trial, time is given to file a bill of exceptions, the bill may embrace all rulings made during the progress of the trial, and at the term at which time was given, whether as to each time was given or not; and it is immaterial whether the whole be embraced in one bill or several.

SAME.—*Interrogatories.*—*Answer.*—*Jury.*—It is the duty of the court, where interrogatories are asked, to instruct the jury to answer them in the event that they find a general verdict.

From the Howard Circuit Court.

*N. R. Linsday* and *T. A. DeLand,* for appellant.
*J. O'Brien* and *M. Garrigus,* for appellee.

ELLIOTT, C. J.—On the 18th day of January, 1879, appellant's motion for a new trial was overruled, and thirty days granted in which to file a bill of exceptions. Two bills were filed by him, one on the 25th day of January and one on the 15th day of February.

The first bill of exceptions shows that the appellee asked the court to instruct the jury to answer interrogatories submitted by it in case they found a general verdict for the plaintiff, and that the appellant requested the court to instruct the jury to answer the interrogatories, whether their general verdict was for the plaintiff or for the defendant. The bill shows

that appellant excepted, but does not show that he then asked or obtained leave to reduce his exception to writing. Appellee's counsel insist that we can not consider the question sought to be presented, for two reasons: 1st, because the appellant obtained leave to file but one bill and has filed two. 2d, because the exception was not reduced to writing at the time it was entered, and special leave was not then taken.

We think the first objection too technical to prevail. We suppose that it can make no material difference whether the rulings are exhibited in one or two bills. If the ruling under examination had been embodied in one bill with the evidence and instructions, there could have been no such question as that here under immediate discussion, and we think the fact that it appears in a separate bill is not material.

The second of the objections stated presents a more serious question. The case does not fall within the rule declared in the cases of *Sohn* v. *The Marion, etc., Co.*, 73 Ind. 77; *Backus* v. *Gallentine*, 76 Ind. 367, and kindred cases. In those cases, leave was not obtained at the term at which the decision excepted to was made; here the leave was obtained at the same term. Nor does it fall within the cases of *Goodwin* v. *Smith*, 72 Ind. 113, and *Alcorn* v. *Morgan*, 77 Ind. 184, for the reason that the decisions excepted to in those cases were upon matters entirely independent of the trial. In both of those cases the exception was to rulings upon the pleadings, and pleadings are matters altogether distinct and different from the trial. Leave to file a bill exhibiting exceptions to rulings upon the trial can not be deemed to extend to matters distinct and different, both in the time of their occurrence and in their substance, from matters occurring during the progress of a trial. It can not, upon any just principle, be held that leave to file a bill, granted upon the overruling of a motion for a new trial, can be deemed to have such a retrospective effect as to gather up all preceding rulings upon pleadings or like matters.

Where leave is granted at the time the motion for a new

trial is overruled, and during the term at which the exceptions were taken, it may well be held that it reaches back to and embraces all rulings made during the trial. We do not believe it was intended that each of the rulings should be exhibited in separate bills taken at the time. If this were so, trials would be greatly and needlessly prolonged. If an exception is duly noted at the time, the court and the parties are fairly apprised that the party noting it intends to avail himself of it in case the result is adverse to him. When the leave is granted at the time the motion for a new trial is ruled on, it extends not merely to parts of the proceedings on the trial, but to all. Nobody can be injured by giving it this effect, and to give it this effect will expedite the administration of justice, preserve rights and protect parties.

A trial is from the beginning to the end a unit. It is not, for the purpose of saving exceptions, to be carved into detached fragments, but is to be taken as one continuous and unbroken proceeding. Whether it lasts one day or many, is unimportant; it is a legal whole. Until terminated by a final judgment denying a new trial, it is, during the term at which it was begun, an entire thing. There are, doubtless, cases where a trial is to be considered in a different light; but as to exceptions taken for the purpose of securing a review of the rulings made during its progress, it is to be regarded as one continuous proceeding. The case of *Jenks* v. *State*, 39 Ind. 1, decides and enforces this doctrine.

An exception noted during a trial is covered by leave taken at the term the decision excepted to is rendered. The words "at the time," as applied to a trial, must be deemed to mean before it has reached the final step within the meaning of the decision in the case to which we have referred.

It was declared, in *Harrison* v. *Price*, 22 Ind. 165, that "There are two modes of giving time to file bills of exceptions, general and special; the former relates to time given in the term at which the exception is taken, may be given by parol, and, hence, may be presumed to have been given." This doc-

trine has long been acted upon, and ought not to be disturbed. The leave taken at the time the motion for a new trial is overruled, and at the same term at which the rulings were made in the progress of the trial, should be deemed to extend to and embrace, not merely part, but all, of the rulings to which exceptions were stated. The reasonable inference is that the party asked, and the court granted, leave to exhibit all the rulings made from the opening until the close of the trial. It is the presumption, in accordance with the doctrine of *Harrison* v. *Price,* that leave to reduce to writing was granted by parol when the exceptions were stated, and that when further leave was given, during the same term, all such exceptions were embraced. It is otherwise where leave is not obtained until a subsequent term, for in such a case the proceedings of the former term must appear as matter of record. No parol leave can be presumed, nor indeed shown, unless some note or minute of record supplies grounds for amendment.

Our conclusion upon this point is, that the ruling upon the interrogatories is presented for our consideration.

It is the duty of the court, where interrogatories are asked by either party, to instruct the jury to answer them in the event that they find a general verdict. The statute is explicit in its terms, and the courts have no power to declare another rule than that provided by the law-making power. There is no room for construction; the language of the statute is entirely free from ambiguity. Code 1852, section 336; R. S. 1881, section 546.

There are strong reasons supporting the position that a court should not be allowed to submit interrogatories with instructions that if the general verdict is for the party submitting them, they need not be answered. In close cases, it would induce weak jurors, and such there sometimes are, to yield rather than undertake the labor of answering long and difficult interrogatories; it would induce ingenious counsel to frame many and perplexing interrogatories in the hope of driving jurors to their side, in order to escape a laborious and

irksome task) it would, in most cases, result in the submission to the jury of a double set of interrogatories, and thus be, both to court and jury, an annoying and perplexing practice, leading to confusion and error.

Other questions are discussed, but as the case must go back for another trial, we have not thought it proper to consider them.

Judgment reversed, with costs.