No. 9455.

STRIBLING v. TRIPP ET AL.

BILL OF EXCEPTIONS.—*Time of Filing.*—Under the code of 1852 exceptions to rulings at the trial, in order to be available in the Supreme Court, must have been saved by bill of exceptions filed at the time, or within a time given at that term of court.

From the Jennings Circuit Court.

*W. B. Hagins* and *J. N. Hagins*, for appellant.

*D. Overmyer, A. G. Smith* and *J. L. Yater*, for appellees.

BICKNELL, C. C.—The appellant brought this suit against Tripp and Brougher and the city of North Vernon, alleging that he was the owner of two lots in said city, in block C, and that said Tripp and Brougher owned three lots in the same block, on which were a woollen mill and a mill pond; that, prior to 1875, the plaintiff's lots were dry, and were cultivated by him as a garden, and the surplus water of the mill pond flowed away through an ancient natural watercourse to the southward of plaintiff's lots, and thence through a culvert

Stribling *v.* Tripp *et al.*

under the J., M. & I. railroad; that, in 1875, said Tripp and Brougher raised the banks of said mill pond several feet, and built a wall or well hole at the mouth of said culvert, which raised the water in said pond and caused the same to flow back upon plaintiff's said lots; that, in 1876, said city of North Vernon graded Chestnut street, and thereby raised an embankment on the south of said woollen mill pond, from four to six feet higher than the plaintiff's lots, which embankment entirely filled up the old outlet of said pond, and prevented the water, which used to flow over plaintiff's lots and into the mill pond and through its outlet, from escaping at all, so that it flowed back upon the plaintiff's lots; that said city built a drain at the intersection of Jackson and Chestnut streets so as to drain these streets into said mill pond, and built a culvert under Chestnut street, the bottom of which culvert was higher than the lower parts of plaintiff's lots, so that the water would stand several inches deep on plaintiff's lots before it would run through said culvert, causing a pond there, and rendering said lots unfit for cultivation, and water-soaked; that said wall or well hole caused washings to be deposited around it, and made a pond there which flowed back through said culvert on Chestnut street upon the plaintiff's lots, creating a nuisance, and making the lots marshy and unfit for cultivation, or for any use; that said city drained a pond at the corner of Jackson and Walnut streets, by a box drain over and upon the plaintiff's said lots, and that the water brought thereby can not run off freely, because of the said mill pond, and said embankment on Chestnut street, and said badly constructed culvert under it; that said drain at the intersection of Jackson and Chestnut streets is so defectively constructed as to cause the water to flow back upon plaintiff's said lots; that said mill pond embankment, said wall or well hole, said culvert under Chestnut street, and said box drain across Walnut street are all nuisances, and ought to be abated.

It is not alleged that the accumulation of the waters is injurious to health. The only injury complained of is that the

lots have been rendered incapable of cultivation by too much moisture.

The complaint prays for $200 damages, and an injunction against the continuance of the nuisances, and for other proper relief. The defendants Tripp and Brougher answered the complaint by separate general denials.

The city of North Vernon answered in two paragraphs :.

1. A general denial.

2. That the defendant was and is an incorporated city, under the general laws of the State of Indiana; that the common council of said city ordered Jackson and Chestnut streets to be graded and improved, upon the petition of the owners of two-thirds of the whole line of lots bordering on said streets; that in pursuance of said order said grading and improvement were done in a careful and proper manner, using reasonable skill to avoid injury to any one; that said improvements were proper and necessary, and that the damage complained of was the necessary and inevitable consequence of said improvements, and was not caused by any negligence or want of care upon the part of the defendants.

A demurrer to this special answer was overruled. The plaintiff replied in denial. The cause was tried by the court at December term, 1880. The record does not show any exception then taken to any ruling of the court upon the trial. The cause was taken under advisement, and at the March term, 1881, the court found for the defendants.

The plaintiff then moved for a new trial for the following reasons :

1. The finding is contrary to, and not sustained by, the evidence, and is contrary to law.

2. Error of law, occurring at the trial, in refusing to admit certain testimony.

The motion for a new trial was overruled, and to this decision the plaintiff excepted. Judgment was rendered for the defendants; sixty days' time were given within which to file

the bill of exceptions, and the bill was filed within the time. The plaintiff appealed.    The errors assigned are:

1. Overruling the demurrer to the second paragraph of the separate answer of the city of North Vernon.

2. Overruling the motion for a new trial.

The appellant, in his brief, does not discuss the first of these alleged errors; it may therefore be regarded as waived.

As to the second alleged error, one of the reasons filed for a new trial, to wit, the refusal of the court to admit evidence, does not appear in any proper bill of exceptions.

When this cause was tried the code of 1852 was in force. Under that code, in *Sohn* v. *Marion, etc., Co.,* 73 Ind. 77, and *Backus* v. *Gallentine,* 76 Ind. 367, and *Pitzer* v. *Indianapolis, etc., R. W. Co.,* 80 Ind. 569, it was held that exceptions to rulings of the court at the trial must be saved in bills filed at the time of the exception, or within time then duly granted therefor, or within time granted therefor upon the overruling of a motion for a new trial at the same term at which the trial was had.    In the case at bar there was no bill of exceptions filed during the trial, nor was any leave therefor granted during the trial, nor at any time during the trial term. The only leave granted was obtained when the motion for a new trial was overruled at a subsequent term.

A bill of exceptions, filed under such a leave, would bring the evidence into the record, but would not save an exception taken at a prior term.    *Supreme Lodge, etc.,* v. *Johnson,* 78 Ind. 110.

The appellant in his brief admits, and the bill of exceptions shows, a great conflict in the testimony.    We can not determine this conflict without weighing the testimony, and this the rules forbid.    *Walker* v. *Beggs,* 82 Ind. 45.

There was evidence tending to support the finding.    The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.