McIlvain v. Emery.

No. 9115.

McIlvain v. Emery.

Seduction.—*Complaint.—Demurrer.—Damages.*—A complaint, in an action for seduction, alleging that the plaintiff, on, etc., was an unmarried woman of good reputation for chastity, and that the defendant, under a promise of marriage, seduced, and had illicit and carnal connection with her, states with sufficient certainty the cause of action; and, when these facts are admitted by a demurrer to the complaint, the conclusion of law is that such acts caused damage to the plaintiff, and such conclusion is sufficiently stated by the demand for judgment against the defendant for a certain sum though it is not expressly averred that such damage was caused by the seduction.

Practice.—*Motion to Strike Out Portions of Complaint.*—A motion to strike out portions of a pleading, commencing and ending with certain words on certain lines therein, is too indefinite to present any question in the Supreme Court where the words sought to be struck out are not set out in a bill of exceptions.

Same.—*Bill of Exceptions.—Time of Filing.*—Exceptions taken during the progress of a trial must be saved by bills of exceptions filed at the time, unless time to file a bill is then given, and, therefore, where exceptions to the rulings as to the admission or rejection of testimony, and as to instructions given and refused, were taken at the time of trial, but no bill of exceptions filed or time then given to file bills, and the cause continued pending a motion for a new trial, a bill of exceptions filed at a subsequent term when the motion was determined is insufficient to present any question to the Supreme Court, either as to the evidence or instructions given or refused.

Same.—*Instructions.*—In order to save any question in reference to instructions under sections 324–5, Code of 1852, it must appear that the same were filed in court.

From the Marion Circuit Court.

*F. M. Wright* and *W. H. Martz,* for appellant.

*W. W. Woollen,* for appellee.

Morris, C.—This action was brought by the appellee against the appellant for her own seduction. The complaint is in one paragraph, and states that the appellee, who sues by her next friend, is an unmarried woman, under twenty-one years of age; that she has always sustained a good reputation for chastity; that, under a promise of marriage, the appellant,

on or about the 1st day of April, 1879, seduced and had illicit intercourse with her; that, under said promise, he continued to have illicit carnal intercourse with her until the middle of August, 1879; that by said intercourse with the appellant she became and still is pregnant with child, etc. Wherefore she prays judgment for $5,000.

The appellant demurred to the complaint for want of facts. The demurrer was overruled. He then moved the court to strike out portions of the complaint. This motion was also overruled. The appellant then answered the complaint by a general denial.

The cause was submitted to a jury for trial at the adjourned February term of the court, 1880, and a verdict returned for the appellee. The appellant moved the court in writing for a new trial. The cause passed over until the May term of the court, 1880, at which term the court overruled the motion for a new trial. The appellant then filed a motion in arrest of judgment. This motion was overruled.

The record states that the motion for a new trial was overruled on the first day of the May term, 1880, of said court; that the appellant then excepted to the ruling of the court on his motion for a new trial, but did not *then* tender or file a bill of exceptions, nor ask for time to reduce his exceptions to writing; that at that time he filed a written motion in arrest of judgment, which was afterwards overruled; that on the 14th day of May, 1880, on motion of the appellant, sixty days were given him within which to file his bill of exceptions. Bills of exceptions containing the evidence given in the cause, with the objections of the appellant to the admissions of portions of it, the rulings of the court upon such objections and the exceptions reserved, testimony offered by the appellant and excluded by the court, with the exceptions reserved, the instructions asked and refused and those given and objected to, with the exceptions reserved, were filed within the sixty days given by the court for that purpose.

Final judgment was rendered upon the verdict for the ap-

pellee, and an appeal taken by the defendants below to this court. The errors assigned are :

1st. In overruling the demurrer to the complaint.

2d. In overruling the motion in arrest of judgment.

3d. In overruling the motion to strike out parts of the complaint.

4th. In overruling the motion for a new trial.

5th. In refusing to give instructions asked by the appellant.

6th. In giving each of the instructions given to the jury by the court of its own motion.

The first and second errors assigned may be considered together. The question which they present is, Does the complaint allege facts sufficient to constitute a good cause of action? The appellant insists that the complaint is bad, because it does not expressly aver that the appellee was damaged by her alleged seduction. The complaint states that, on, etc., the appellee being unmarried and a woman of good reputation for chastity, the appellant, under a promise of marriage, seduced her and had illicit and carnal connection with her. These facts constitute the cause of action, and are stated with sufficient certainty. Rees v. Cupp, 59 Ind. 566. The facts alleged are admitted by the demurrer, and the conclusion of law is that the acts of the appellant thus charged in the complaint and admitted by the demurrer caused damage to the appellee, and this conclusion is, we think, sufficiently stated by the demand for judgment against the appellant for $5,000, though it is not expressly averred that such damages were produced by the alleged seduction. We think there was no error in overruling the demurrer to the complaint, nor in the refusal of the court to arrest the judgment.

Nor did the court err in overruling the motion to strike out parts of the complaint. We can not tell, from the record, what precise words the appellant moved to strike out. They are not set out in the bill of exceptions. The motion is to strike out "all that part of the complaint, commencing with the word ' that,' on line sixteen, and ending with the

McIlvain v. Emery.

word 'it,' on line twenty-four." In that portion of the record containing the complaint, the word "that" is not found in line sixteen, nor the word "it" in line twenty-four, of the record. We infer, however, that the motion embraced that part of the complaint which charged the appellant with seducing the appellee, and that it was, therefore, properly overruled.

The remaining assignments of error are all embraced in that alleging that the court erred in overruling the motion for a new trial. No bill of exceptions was filed at the February term, 1880, of the court, at which the trial was had, nor was any time given to the appellant at that term to file a bill of exceptions. The cause was continued on a motion for a new trial until the May term, 1880, at which term the motion was overruled, and sixty days given the appellant to prepare and file his bill of exceptions.

It has been held by this court in many cases, that exceptions taken during the progress of a trial must be saved by bills of exceptions filed at the time, unless time to file the bill of exceptions is *then* given. Code of 1852, section 343; *Sohn* v. *Marion, etc., Gravel Road Co.*, 73 Ind. 77; *Supreme Lodge, etc.*, v. *Johnson*, 78 Ind. 110.

In this case the trial was had at the February term, 1880, and continued until the May term, 1880. Exceptions to the rulings of the court as to the admission and rejection of testimony, and as to instructions given and refused, were taken at the February term of the court, but no bills of exceptions were filed at that term, nor was time *then* given to file bills of exceptions. It follows that no question as to the instructions given or refused by the court, nor as to testimony admitted or excluded, is properly presented to this court for decision by the bills of exceptions in the record; nor is any question as to these matters otherwise reserved in the record. The record contains the instructions stated to have been asked by the appellant and refused by the court, and also instructions stated to have been given by the court of its own motion, and the objections and exceptions thereto taken by the appellant; but

the record does not show that such instructions were ever filed in court. This was necessary in order to make them a part of the record. Section 324 of the code of 1852 requires that "All instructions given by the court must be signed by the judge and filed, together with those asked for by the parties, as a part of the record." *Supreme Lodge, etc., v. Johnson, supra.*

The bills of exceptions contain the evidence, and the question as to whether the verdict is sustained by sufficient evidence is properly presented for decision. There is evidence in the record legally tending to sustain the verdict. In such case this court should not, as has been often held, disturb the verdict. *Adams* v. *Stringer*, 78 Ind. 175; *Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73. There is no available error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.