Olds *v*. Deckman.

Filed Oct. 31, 1884.

---

No. 11,712.

OLDS *v*. DECKMAN.

INSTRUCTIONS.—*Record.* — *Order-Book Entry.* — Instructions can only be made a part of the record in some one of the modes prescribed by the statute; and the mere transcription of instructions, in an order-book entry of the court's proceedings, does not make them a part of the record to be considered, as such, on an appeal to the Supreme Court.

From the Pulaski Circuit Court.

*J. C. Nye* and *J. Nye,* for appellant.

*N. L. Agnew,* for appellee.

HOWK, J.—The appellee, Deckman, commenced proceedings before the board of commissioners of Pulaski county,

under the provisions of sections 4285 to 4317, R. S. 1881, for the location and construction of a certain ditch. The viewers appointed made their report, wherein they assessed certain lands of the appellant, Olds, with certain benefits arising from the construction of the proposed ditch. Thereupon, the appellant filed with the county board his remonstrance against the viewers' report, upon the following grounds:

1. The benefits assessed against his lands were too high, and out of proportion to the benefits to be derived from such ditch;

2. That if the ditch was located on the route proposed in the viewers' report, he would be damaged in the sum of $500, etc.; and,

3. That the route of the ditch, as proposed in the viewers' report, was not practicable, etc.

Thereupon, the county board appointed reviewers, but their report was substantially the same as that of the viewers; and the county board ordered that the ditch be established. On appeal to the court below, the cause was tried by a jury, and a verdict was returned for the appellee, that the route of the ditch in controversy, as located and established, was practicable; that the lands of the appellant, Olds, would be benefited in the sum of $26 more than they would be damaged by the construction of such ditch, and that the appellant should be assessed in such sum for the construction of such ditch. Over the appellant's motion for a new trial, the court rendered judgment in accordance with the verdict.

The overruling of his motion for a new trial is the only error assigned here by the appellant. Under this error, complaint is made by appellant's counsel of the court's instructions to the jury, and, especially, of the alleged repugnancy of one of these instructions to another instruction. Appellee's counsel, however, earnestly insists "that the instructions are not made a part of the record in any way, and they can not be considered by this court." In the natural order of things, this question must first be determined. For, if

appellee's counsel is right in his position, that the instructions have not been made a part of the record, in any manner known to the law, of course that is an end of this appeal, and the judgment below must be affirmed. It appears from an order-book entry of the clerk, copied into the record, that the court, of its own motion, gave the jury instructions numbered 1, 2, 3 and 4, and, at the request of appellee's attorney, another instruction numbered 5. The court's own instructions do not appear to have been signed by the judge; nor does the instruction, which, the clerk's entry recites, was given at the request of appellee's attorney, appear to have been signed by the appellee or his attorney. All the instructions, as we have said, appear to have been copied by the clerk in an entry on the order-book of the court of the day's proceedings in the cause; but there is nothing in the record to indicate that the instructions, or any of them, were ever filed or ordered to be filed, " as a part of the record."

Upon the record, therefore, we are of opinion that the appellee's attorney is right in his position, that the instructions of the court are not properly a part of such record; and for this reason we can neither consider nor decide the question of their repugnancy, upon which alone the appellant relies for the reversal of the judgment. The statute provides that "All instructions given by the court must be signed by the judge, and filed, together with those asked for by the parties, as a part of the record." Section 533, R. S. 1881. This section is a substantial re-enactment of section 324 of the civil code of 1852. In *Supreme Lodge, etc.,* v. *Johnson,* 78 Ind. 110, in construing these statutory provisions, it was held that in order to save any question in reference to instructions, it must appear that the instructions were filed as a part of the record. The court there said: " Under the code of 1881, the practice in this respect is so far modified as to require that the memorandum, ' given and excepted to,' or ' refused and excepted to,' shall ' be signed by the judge, and *dated.*' The filing is still necessary." See, also, *Heaton* v.

*White,* 85 Ind. 376; *McIlvain* v. *Emery,* 88 Ind. 298; *Elliott* v. *Russell,* 92 Ind. 526.

We find no error in the record.

The judgment is affirmed, with costs.

