ELLEN DEMINGS, RESPONDENT, v. THE SUPREME LODGE KNIGHTS OF PYTHIAS OF THE WORLD, APPELLANT.

*Benefit society — must show the legality of an assessment where they seek to exclude a member because of its non-payment — admissions of a member not competent against his beneficiary.*

Where a benefit society seeks to defeat the payment of the claim of a member thereof, upon the ground that an assessment was duly made upon him; that notice of it was given and received by him; that he failed to pay it, was duly suspended and all his claims under his certificate forfeited, it must establish, as matter of affirmative proof, that said assessment was regularly and properly levied according to the laws of the society.

Where, in an action upon a death claim in such a society, the society has failed to establish the legality of the assessment, the rights of the beneficiary named in the certificate cannot be prejudiced by proof that the member had requested the society to suspend him from membership.

APPEAL by the defendant, the Supreme Lodge Knights of Pythias of the World, from a judgment, entered in the clerk's office of Erie county on the 1st day of October, 1890, in favor of the plaintiff for $1,364.73, after a trial at the Erie Circuit before the court and a jury ; and also from an order, entered in said clerk's office on the 17th day of October, 1890, denying the motion of the defendant for a new trial upon the minutes of the court.

*Charles B. Wheeler*, for the appellant.

*Samuel M. Welch*, for the respondent.

The General Term adopted the opinion of Mr. Justice CHILDS, delivered on a motion before him for a new trial, which is given below.

CHILDS, J.:

This action was brought by the plaintiff upon a beneficiary certificate issued by the defendant to George Demings, her husband, whereby the defendant, in consideration of the payment thereafter by George Demings of all assessments as required, and the compliance with all laws governing the rank, and of his being in good standing under the laws, agreed to pay to Ellen Demings, plaintiff,

as directed by said George Demings in his application, or to such other person or persons as he might subsequently direct by will or otherwise, the sum of $1,000. The complaint, among other things, alleged the issuing of the certificate of membership by defendant to said George Demings, set forth in the complaint, whereby the defendant in consideration of the payment hereafter to said endowment rank of all assessments as required, and the full compli-ance with all the laws governing this rank now in force, or that may hereafter be enacted, and shall be in good standing under said laws, agree to pay the sum of one thousand dollars to Ellen Demings, plaintiff, as directed by said George Demings in his application for such membership; and further alleged that said George Demings during his lifetime duly complied with and performed all the above mentioned terms and conditions of said certificate of membership on his part, and complied with all the laws, rules and regulations governing said defendant and said section 491, endowment rank; and that said contract and agreement was at the time of the death of said Demings in full force and effect. The defendant by its answer admitted substantially all the allegations of the complaint except the allegation that said Demings during his lifetime com-plied with and performed all the terms and conditions of the said contract and agreement with the defendant, which was denied. In the sixth clause of the defendant's answer it was alleged that on or about the 22d day of November, 1884, an assessment was duly made in pursuance of the laws governing said endowment rank, and upon George Demings among others; that due and proper notice of such assessment was given to and received by said George Dem-ings pursuant to the by-laws of the defendant; that said Demings neglected and refused to pay said assessment, and for failure to pay the same as required, was duly suspended from said class of the endowment rank and forfeited all claims upon the endowment fund belonging to said class as provided in and by said contract. Upon the trial the defendant admitted the issuing of the certificate of membership to George Demings; that Demings died at the city of Buffalo on the 5th day of February, 1889, and that the plaintiff is the beneficiary mentioned in said certificate; that the plaintiff gave due notice to the defendant of the death of said George Demings and caused to be prepared and served upon said defendant due

proofs of said death September 23, 1889, and thereafter demanded the sum of one thousand dollars from the defendant, payment of which was refused.

After placing in evidence the certificate set forth in the complaint and the application referred to in said certificate, the defendant admitted that there was, at the time of the death of the said George Demings, over one thousand members of the defendant's society. Plaintiff here rested her case. Defendant's counsel read in evidence the general laws and constitution for the government of sections of the endowment rank, adopted by the defendant August, 1880, also the general laws and constitution for the government of sections of the endowment rank, adopted by the defendant April 30, 1884, and in force at the time of the death of George Demings, and then called as a witness one William Fraize, who was the secretary and treasurer of section 491 of the endowment rank of the Knights of Pythias, of which section said George Demings was a member in his lifetime, and offered to prove by said witness and others, " that a notice was received from the Supreme Secretary of the Supreme Lodge, together with notices of assessments from them for mailing; that the Secretary duly notified the said George Demings of the levying of the assessments 66 and 67; that he, the said Demings, received those notices of assessment; that he failed within thirty days thereafter to pay such assessment; that he was called upon, personally, afterwards by the Secretary to pay it, that the said Demings then notified the Secretary that he intended to pay no more assessments, and stated to said Secretary and Treasurer that the lodge should suspend him, and accordingly, after the expiration of thirty days, the fact was reported to branch 491 and he was declared suspended for non-payment of his dues, and that fact was reported by the Secretary to the Supreme Lodge, and that he has never since paid any of his dues or assessments." The plaintiff objected to this offer and the objection was sustained by the court, and the evidence excluded upon the ground that the defendant was required to establish the fact that the assessment, for the non-payment of which the defendant claimed the forfeiture, was regularly and properly levied according to the laws of the defendant. No further testimony being offered the court thereupon directed a verdict for the plaintiff for $1,262.50, the amount agreed to be paid in said

certificate, with interest thereon, to which ruling the defendant's counsel duly excepted.

The correctness of the ruling upon this offer presents the only question to be examined upon this motion. It will be observed that the offer embraced two distinct propositions : First, the offer to show the service upon George Demings by the secretary and treasurer of a notice received from the supreme secretary of the defendant, as a full compliance with the laws of the defendant justifying the suspension of Demings in the event of the non-payment of such assessment, and the consequent forfeiture of all rights of the plaintiff under the certificate mentioned ; second, the declarations of George Demings, made after the issuing of said certificate, for the purpose of defeating any right of plaintiff thereunder.

The introduction of the certificate in evidence established the good standing of George Demings at the time it was issued, and the same will be presumed to have continued until the contrary appears ; and the burden was on the defendant to show that by the violation of some law of the defendant the deceased had lost his good standing. (*Supreme Lodge Knights of Honor of the World* v. *Johnson,* 78 Ind., 110.) Such being the rule, the question is sharply presented as to whether the proof of the non-payment of an assessment notified to the deceased, as in this case, would satisfy the rule and cast the burden upon the plaintiff of establishing the fact that the assessment was improperly or illegally made. I am not able to assent to this proposition as claimed by the defendant, but, on the contrary, am of the opinion that the burden of establishing this pivotal fact rests with the defendant until the end, and that if a forfeiture of membership and benefits is claimed, the defendant must affirmatively establish the fact that the assessment was properly and legally made within the laws, rules and regulations of the defendant, and that the service of a notice, as claimed in this case, would not, even *prima facie,* establish the legality of the assessment. This question does not appear to have been considered by any of the courts in this State, but was considered in the Court of Appeals of Kentucky, in the *American Mutual Aid Society* v. *Helburn et al.* (2 Southwestern Rep., 495), in an elaborate opinion by BENNETT, J., whose conclusion seems to be well supported by the authorities cited, which is to

the effect that in making assessments upon its members a corporation of the character of this defendant does not act in a judicial, but in a ministerial, capacity, and that no presumption can arise in favor of the regularity or legality of its assessments.

That a deceased member of the society should have died; that his representative was entitled to a benefit arising from his death, and that an assessment upon all the surviving members was actually made for the purpose of paying said assessments, are conditions precedent to the right of the society to demand payment of an assessment from any of its members, and the society must show affirmatively that the assessment was made in the manner indicated, otherwise the member cannot be said to be in default. It is true that the question here decided arose upon demurrer, but the pleadings presented substantially the same issue as in this case, and necessarily required the question now under consideration to be determined by the court. In that determination I concur, and do not understand the defendant to insist upon this motion that the court was in error in ruling that the defendant was required to establish, as part of his affirmative defense, the legality of the assessment in question, but to rely upon the second proposition involved in the offer quoted.

This proposition presents the single question as to whether a member of a rank of the defendant who has, in the certificate received by him, indicated the person to whom, in case of his death, the benefit should be paid, can, by his declaration made after the rights of the parties are thus fixed, defeat the rights of such beneficiary under the certificate. I do not think that any declaration of the member can have the effect of terminating his membership and working a forfeiture of the rights of the beneficiary named in the certificate, but that to entitle the corporation to suspend or expel a member, and thus deprive the beneficiary named in its certificate of any rights thereunder, it must strictly observe the rules and laws, and that whenever it asserts a forfeiture it must affirmately establish such compliance with its rules and laws.

The purpose of proving the statement of Demings, as contained in the offer, could only be to excuse proof by defendant of the regularity of the assessment, the alleged non-payment of which furnished the ground for his suspension, for it is quite plain that with proof of the regularity of the assessment in question, and non-

payment thereof followed by suspension of Demings, the defense would be complete and the statements wholly immaterial. Again, that part of defendant's offer now under consideration was to prove, first, a refusal to pay the particular assessment in question, which we have seen is quite immaterial in the absence of proof of the legality of the same, and, second, to prove the request of the member for his suspension, and that his branch thereafter, upon report of such request and in pursuance thereof, did suspend him and thereby terminate and put an end to the rights of plaintiff under the certificate. It would not seem necessary to say that the defendant could only terminate the membership of Demings in the manner and for a cause pointed out and provided for in its laws, and this not being one of the causes so provided, that the action referred to did not, as against this plaintiff, work the result claimed. It is unquestioned, that evidence of the declaration of Demings would be competent in connection with proof of the legality of the assessment for the purpose of establishing notice to him of the assessment and his refusal to pay, but such evidence cannot establish the fact of the legality of such an assessment as against the beneficiary. Her rights cannot be disposed of in this manner, and such was the ruling on the trial. The evidence offered was excluded only upon the statement of defendant's counsel, that he was unable to prove further or different facts than those embraced in the offer.

The cases referred to by the defendant do not, upon examination, seem to be in conflict with the views expressed. This question was considered and determined adversely to the claim of the defendant in *Supreme Lodge Knights of Pythias of the World* v. *Schmidt et al.*, in the Supreme Court of Indiana (98 Ind., 374) and also in *Lazensky* v. *Supreme Lodge Knights of Honor* (Circuit Court, Southern District of New York, 31 Fed. Rep., 592).

No reason is perceived why the rule established in these cases should not be followed. To hold that the rights of a beneficiary in such a certificate could be wholly defeated by some declaration or admission made by the member would not only be opposed to the current of authority, but would open the door to the grossest frauds. The member is dead; plaintiff has no means of contradicting or disproving any statement made as to such declaration or admission, and is left wholly at the mercy of any person who might, through

any evil motive, be prompted to give false testimony. While it is not asserted that such would be the natural or probable result of such a holding, yet it is deemed to be much better that the rule should exclude the possibility of such injustice.

My conclusion is that the ruling of the court upon the propositions here presented was correct, and that the motion should be denied, with ten dollars costs.

The foregoing opinion was delivered at Special Term, and was adopted by the General Term.

Present — DWIGHT, P. J., and MACOMBER, J.

Judgment and order appealed from affirmed on an opinion of CHILDS, J., at Special Term.