# UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA *v.* BARR.

Apr. 20, 1953

No. 38724       28 Adv. S. 46       64 So. 2d 150

*H. C. Watkins* and *J. P. Abston,* for appellant.

362

S. M. Graham, for appellee.

Kyle, J.

William H. Barr was a member of the United Brotherhood of Carpenters and Joiners of America, a labor union association, with membership at Carpenters' Local No. 2313, at Meridian, Mississippi. Barr was killed in an automobile accident on August 5, 1951. After his death, the appellee, as surviving widow of the deceased, filed her claim with the secretary of the local lodge for a funeral donation of $600.00, which she claimed to be due and owing to her as the surviving wife of the deceased under Sections 48A and 49B of the Constitution and Laws of the United Brotherhood of Carpenters and Joiners of America. The claim was approved by the local lodge, but was rejected by the executive board of the parent organization at Indianapolis. The appellee thereupon filed suit in the chancery court in Lauderdale County against the Brotherhood, and the local lodge was named as a co-defendant and so-called garnishee.

The defendant in its answer admitted that the deceased was a member of the local lodge No. 2313, but

denied that he was in good standing as a member of the lodge at the time of his death, or that he was entitled to the $600.00 funeral donation alleged to be due and owing. The defendant alleged in its answer that the deceased had failed to pay his dues in accordance with the provisions of the constitution and laws of the Brotherhood, and was not in good standing because of such delinquency; and as an additional defense the defendant alleged that the complainant had not exhausted her administrative remedies, as provided for in Section 57 of the constitution and laws of the Brotherhood, and was not entitled to maintain her suit for that reason.

The proof showed that the deceased did not pay his monthly dues for the months of March, April and May, 1951. But on June 11, 1951, he paid up his dues for the three months he was in arrears, and also paid his dues for the month of June, 1951, at the same time.

The question presented for the chancellor's decision was whether the deceased was debarred from receiving the funeral donation at the time of his death because of the above mentioned delinquency.

The complainant alleged in her bill that notice of the above mentioned delinquency was not given to the deceased as required by the constitution and laws of the Brotherhood. The defendant in its answer denied the allegation of the bill of complaint that such notice had not been given, and averred that such notice had been given.

The provisions of Section 45A and Sections 49A and 49B of the constitution and laws of the Brotherhood, relating to the giving of notice of delinquency and the suspension of payment of benefits are as follows:

## "MEMBERS IN ARREARS

"A. Section 45. A member who owes the Local Union two months' dues shall be notified by mail at the last known address by the Financial Secretary during the third month of said delinquency that, if said arrearages

are not paid before the last day of the third month the member will be suspended from benefits of death and disability donation, the right to a pension or admittance to the Home until the member squares up entirely all of the indebtedness (including dues for the month in which the member squares up the arrearages) and furthermore that the member will not be entitled to any benefits during the time of such arrearages or for a three-month period from the date of squaring up same. A member in arrears must square up all arrearages in full within one year or stand suspended from membership.

## "BENEFICIAL MEMBER'S FUNERAL DONATIONS

"A. Section 49. A beneficial member to be entitled to donations must be not less than seventeen and not over sixty years of age at the time of admission to membership, and, when the member joined, must have been in sound health and not afflicted with any disease or subject to any complaint likely to endanger the member's health or cause permanent disability.

"B. A beneficial member will be entitled to the donations as prescribed in the Constitution and Laws of the United Brotherhood; provided, the member is over one year a contributing or financial member in good standing and when owing a sum equal to three months' dues the member shall be debarred from all donations until three months after all arrearages are paid in full, including current month."

The testimony offered on behalf of the complainant consisted of the testimony of the complainant herself and the testimony of C. V. Davis, the financial secretary and business agent of the local lodge. The complainant, who was a widow of the deceased, testified that she and her husband were living in the Hunter community, near Meridian, at the time of her husband's death, and that they received their mail on Route 4. She testified that her husband was 38 years of age and had been a member

of Lodge No. 2313, about six, or eight or ten years. She testified that she had never seen any notice that had been mailed to him by the United Brotherhood of Carpenters and Joiners of America to the effect that his membership had been forfeited on account of failure to pay his dues, or that he was delinquent in the payment of his dues. She stated that she got the mail out of the mail box every day, and that he had received no such notice by mail.

C. V. Davis, the financial secretary and business agent of the local lodge, testified that he remitted to the home office of the United Brotherhood at regular intervals the quarterly dues of the members, and that William H. Barr's name was on the list of members for whom dues were paid for the months of March, April and May, 1951; that Barr's dues to the national organization had been paid out of the funds of the local lodge; that the claim of the surviving wife for the funeral donation had been sent in, with the approval of the local lodge, for payment, but that the national organization had refused to pay the same; that no action had ever been taken by the local lodge to void Barr's membership. Davis was questioned about the sending of notices to delinquent members. He was asked whether he gave notices to members who were in arrears for three months at the end of the third month. He stated that it was a part of his duty to do that. He then produced a copy of the notice that he sent to delinquent members, and was asked the question: "Do you know whether or not you sent one of these notices out to Mr. Barr when his dues were due?" His answer was, "Well, I wouldn't say I did; and I wouldn't say I didn't. It was my duty to have done it, I'll say that." He then added, "I send them out every month."

The chancellor, after hearing the testimony, entered a decree in favor of the complainant, and from that decree the United Brotherhood prosecutes this appeal.

The appellant's attorneys argue in their brief that the chancellor erred in holding that the appellee's husband

was a beneficial member under Sections 49 B and C of the Constitution and Laws of the United Brotherhood, and in applying the doctrine of estoppel and waiver, which the appellant's attorneys assumed that the chancellor applied.

The chancellor did not state his findings of facts or his conclusions of law, and the decree shows only that he had heard the cause upon the pleadings and proof, and that in his opinion, from the facts and the evidence, the complainant was entitled to recover.

After reading the record we think that the decree of the chancellor must be affirmed. The main issue presented by the pleadings was whether the deceased had been suspended from benefits of death and disability donation on account of arrearages in the payment of dues for the months of March, April and May, 1951, as provided in Section 45 A of the constitution and laws of the Brotherhood, and had been debarred from all donations until three months after all arrearages had been paid in full, as provided in Section 49 B.

Section 45 A and Sections 49 B and C must be read together. Section 45 A required that notice be given to the delinquent member by mail during the third month of the member's delinquency. That notice was intended to serve two purposes: (1) To remind the delinquent member that his dues had not been paid, and (2) to inform him that the benefits to which he was entitled under the by-laws of the organization would be suspended if he permitted the delinquency to continue beyond the end of the third month. The delinquent member had a right to have that notice mailed to him as provided in the by-laws.

Whenever the rules and regulations of a mutual benefit association so provide, notice that dues have become delinquent must be given to a member before he can be delinquent for the non-payment of the same. 38 Am. Jur., p. 510,—Mutual Benefit Societies, par. 95. And to be effective the notice must have all the substantial re-

quirements prescribed by the constitution and by-laws of the association. 38 Am. Jur., p. 511, par. 97, and cases cited.

In the case of Murphy v. Independent Order of the Sons and Daughters of Jacob, 77 Miss. 830, 27 So. 624, 50 L. R. A. 111, the Court held that a member of a benefit society is not in default for an assessment, in the absence of notice of its imposition, where the by-laws provide for such notice. The Court in its opinion, after mentioning the nature of the sick benefits to which the member was entitled, said: "It is said that she did not herself pay assessments Nos. 20, 21, and 22. There is no evidence at all satisfactory that she was ever notified of these assessments. The last clause of sec. 18, art. 10, expressly made it the duty of the worthy scribe of the subordinate lodge 'to notify each member as to his arrears.' It is necessary that such notice should be given. This is in accordance with all the authorities. McCorkle v. Ins. Association, 71 Texas 151; Supreme Lodge v. Johnson, 78 Ind. 110."

In the case that we have here, the appellant, relying on its plea that the rights of the deceased member had been suspended under the constitution and by-laws because of his delinquency in the payment of his dues, was required to prove that the notice required by the constitution and by-laws had been given. The proof that the notice had been given was wholly inconclusive, and the chancellor was justified in holding that the proof was insufficient.

The appellant's attorneys cite several cases from other jurisdictions in support of their contention that the Court must give effect to the intent and purpose of the provisions of the by-laws relating to the suspension of benefits on account of the failure of the member to pay his dues. But none of these cases deal with the question of the giving of notice of the delinquency as required by the constitution and by-laws of the Brotherhood.

■■■ The appellee's claim had been allowed by the local lodge, but had been rejected by the parent organization. She had a right to resort to the court to enforce payment of the claim.

For the reasons stated above the decree of the lower court is affirmed.

Affirmed.

*Roberds, P. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.